J-S47045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS ANTONIO RODRIGUEZ CRUZ | |
| Appellant | No. 1261 EDA 2014 |

Appeal from the Order of January 7, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0004489-2012

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

JUDGMENT ORDER BY WECHT, J.:          **FILED SEPTEMBER 08, 2014**

Luis Rodriguez Cruz ("Rodriguez Cruz") appeals the January 7, 2014 order that denied his motion for modification of sentence *nunc pro tunc*. Because Rodriguez Cruz' notice of appeal was untimely filed, we are without jurisdiction and, therefore, quash his appeal.

The trial court summarized the relevant procedural history as follows:

On December 5, 2012, [Rodriguez Cruz] entered a guilty plea and negotiated sentence to two counts of possession with intent to deliver, in violation of 35 [P.S.] § 780-113(A)(30); criminal conspiracy, in violation of 18 Pa.C.S.A. § 903; and five counts of criminal solicitation in violation of 18 Pa.C.S.A. § 902(a) [at case 4792-11.  At case 4489-12, Rodriguez Cruz pled guilty to five counts of possession with intent to deliver, one count of criminal conspiracy, and one count of corrupt organizations, 18 Pa.C.S.A. § 911.  Rodriguez Cruz' aggregate sentence for both cases was fifteen to thirty years in prison].

On September 25, 2013, [Rodriguez Cruz] filed a Motion for Modification of Sentence Nunc Pro Tunc.  A hearing was scheduled for October 22, 2013.  However, on that date, it was

learned that the Sheriff failed to transport [Rodriguez Cruz] to the courthouse, so a continuance Order was entered rescheduling the hearing for January 6, 2014.

In the meantime, [Rodriguez Cruz] filed a Motion for Appointment of Conflict Free Counsel on November 19, 2013. This court scheduled a hearing on that motion for the same January 6, 2014 date. Following the hearing, this court entered orders on January 7, 2014 denying [Rodriguez Cruz'] requests and dismissing the motions.[1]

Trial Court Opinion, 5/9/2014, at 1. On April 10, 2014, Rodriguez Cruz filed a notice of appeal from the January 7, 2014 order dismissing his motions.

To be timely, "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. A timely filed notice of appeal vests jurisdiction in this Court. *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011). On his notice of appeal, Rodriguez Cruz wrote that it was mailed on March 31, 2014. As a *pro se* prisoner, Rodriguez Cruz is entitled to the benefit of the prisoner mailbox rule meaning that his "appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." *Commonwealth v.*

---

[1] Rodriguez Cruz' post-sentence motion to modify his sentence was untimely filed. An untimely post-sentence motion that is filed after a judgment of sentence becomes final should be treated as a petition filed pursuant to the Post Conviction Relief Action ("PCRA"), 42 Pa. C.S.A. §§ 9541-46. *Commonwealth v. Taylor*, 65 A.3d 462, 467 (Pa. Super. 2013). Therefore, the trial court should have treated Rodriguez Cruz' motion as a PCRA petition. However, the trial court's failure to do so does not alter the outcome of Rodriguez Cruz' appeal.

***Perez***, 799 A.2d 848, 851 (Pa. Super. 2002). The notice of appeal was docketed on April 10, 2014. Regardless of which date is used, his notice of appeal was filed more than thirty days after the trial court's January 7, 2014 order. Therefore, we are without jurisdiction, and must quash his appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2014