J-S72041-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MELVIN LINDSAY, :
:
Appellant : No. 893 WDA 2014

Appeal from the PCRA Order Entered April 23, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0001091-2005

BEFORE:  BENDER, P.J.E., SHOGAN and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 15, 2014**

Melvin Lindsay (Appellant) appeals from the order entered on April 23, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized in the following manner.  A jury convicted Appellant of assaulting a correctional officer in a facility where he was serving a sentence on unrelated convictions.  The trial court sentenced Appellant on November 17, 2005. Appellant appealed, and this Court affirmed the judgment of sentence on July 18, 2007.  ***Commonwealth v. Lindsay***, 932 A.2d 256 (Pa. Super. 2007) (unpublished memorandum).

On November 14, 2013, Appellant filed the instant PCRA petition, his second, wherein he claimed that his sentence is illegal.  On November 22,

---

* Retired Senior Judge assigned to the Superior Court.

2013, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's PCRA petition without holding an evidentiary hearing. The court concluded that Appellant's claim was meritless. Appellant filed a reply to the court's notice. On April 23, 2014, the court entered an order formally dismissing Appellant's petition.

The PCRA court's docket indicates that Appellant filed his notice of appeal on May 29, 2014. Appellant dated the notice of appeal as May 22, 2014. On June 10, 2014, the PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant never filed a 1925(b) statement. The PCRA court issued a "Statement in lieu of Opinion" wherein the court stated that Appellant mailed his 1925(b) statement directly to the PCRA judge. In his brief to this Court, Appellant asks us to consider one question, namely, "Whether the court erred in sentencing [Appellant] using the wrong prior record score; imposing the cost of prosecution on him, and the wrong sentencing level." Appellant's Brief at 3 (unnecessary capitalization omitted).

We begin by observing that Appellant had until May 23, 2014 in order to file timely a notice of appeal. Pa.R.A.P. 903(a). Because the PCRA court's docket indicates that Appellant filed his notice of appeal on May 29, 2014, Appellant's notice of appeal is untimely on its face. However, because he is a *pro se* prisoner, Appellant benefits from the "prisoner mailbox rule."

"[I]n the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). The rule allows this Court "to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities...." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002).

Instantly, Appellant's notice of appeal is dated May 22, 2014, which arguably supports a conclusion that Appellant timely filed his notice of appeal. Moreover, there is nothing of record that would indicate that Appellant did not file his notice of appeal on or shortly after he dated the notice. Thus, for the purposes of this matter, we conclude that Appellant timely filed his notice of appeal.

Next, because he failed to file a Pa.R.A.P. 1925(b) statement, Appellant waived all issues on appeal. **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002). Even if Appellant had properly filed a 1925(b) statement, he still would not be entitled to relief because he untimely filed his PCRA petition.[1]

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of

---

[1] We may raise *sua sponte* issues regarding the timeliness of a PCRA petition. **Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012).

record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)).

This Court affirmed Appellant's judgment of sentence on July 18, 2007. Appellant had 30 days to petition our Supreme Court for allowance of appeal. Pa.R.A.P. 1113(a). He did not do so in a timely manner.[2] Thus, for purposes of the PCRA, Appellant's judgment became final on August 17, 2007. He, therefore, had until August 17, 2008, in order to file timely a PCRA petition.

Because Appellant untimely filed his PCRA petition on November 14, 2013, he had the burden of pleading and offering to prove one of the following exceptions.

---

[2] According to Appellant, he untimely filed a petition for allowance of appeal in our Supreme Court on August 21, 2007. Appellant's Brief at 6.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant's PCRA petition did not allege any of the statutory exceptions to the PCRA's one year time bar. Appellant, therefore, untimely filed his PCRA petition, and the PCRA court was without jurisdiction to consider the merits of that petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014

- 5 -