J-S62036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDDIE SILVA | |
| Appellant | No. 2273 MDA 2015 |

Appeal from the Order Entered November 24, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003369-2007

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED AUGUST 22, 2016**

Appellant, Freddie Silva, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his *pro se* petition for collateral relief (labeled as a petition for writ of *coram nobis*). On December 19, 2007, Appellant entered a negotiated guilty plea to failure to comply with sex offender registration requirements. The court imposed the negotiated sentence of five years' probation. On June 21, 2010, the court revoked Appellant's probation based on Appellant's inappropriate sexual contact with his girlfriend's 11-year-old daughter. The court resentenced Appellant on November 15, 2010, to 3½-7 years' imprisonment. Appellant did not pursue direct review. On September 28, 2015, Appellant filed a *pro se* petition for writ of *coram nobis*, claiming his conviction and sentence were illegal based on our Supreme Court's decision in ***Commonwealth v.***

***Neiman***, 624 Pa. 53, 84 A.3d 603 (2013).[1]   On November 24, 2015, the court denied Appellant's petition for relief.  Appellant timely filed a *pro se* notice of appeal on December 21, 2015.[2]

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, regardless of how the applicant captions the petition, if the petition raises issues cognizable under the PCRA. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).  Additionally:

> Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process. …
>
> * * *
>
> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right

---

[1] The ***Neiman*** Court held that Act 152 of 2004 ("Act 152") (which, *inter alia*, made various amendments to the Crimes Code to create criminal offenses for individuals subject to sexual offender registration requirements who fail to comply) violated the single subject rule of Article III, Section 3 of the Pennsylvania Constitution.  The Court concluded the portions of Act 152 amending Pennsylvania's Megan's Law were not severable from the other provisions of Act 152; and the Court struck Act 152 in its entirety. ***See id.***

[2] On December 29, 2015, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement.  The certified record does not contain Appellant's concise statement.  Based on our disposition, we need not decide if Appellant timely filed his Rule 1925(b) statement.

cannot be diminished merely due to its rule-based derivation. …

*Commonwealth v. Robinson*, 970 A.2d 455, 457-59 (Pa.Super. 2009) (*en banc*). Importantly, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, **even where the petition appears untimely on its face**." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa.Super. 2002) (emphasis added). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements…applies." *Id.* at 852. *See also* Pa.R.Crim.P. 904(C), (F)(2) (stating when unrepresented defendant shows he is unable to afford or procure counsel, court shall appoint counsel to represent defendant on first PCRA petition).

Instantly, Appellant claims his conviction and sentence are illegal based on the Supreme Court's decision in *Neiman*. Appellant's issue is cognizable under the PCRA. *See generally Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral attack on legality of sentence must be raised in PCRA petition). *See also* 42 Pa.C.S.A. § 9543(a)(2) (explaining challenges to legality of conviction and sentence are cognizable under PCRA). Thus, the court should have treated Appellant's prayer for collateral relief as a first PCRA petition. *See id.*; *Fowler, supra*. Further, the record suggests Appellant is indigent and entitled to appointment of counsel. *See* Pa.R.Crim.P. 904(C), (F)(2); *Robinson, supra*; *Perez, supra*. Therefore,

the best resolution of this case is to vacate and remand for the court to evaluate Appellant's indigency; if Appellant qualifies as indigent, the court must appoint counsel for Appellant and direct appointed counsel to file an amended PCRA petition or an otherwise appropriate filing. Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2016