J-S60012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALE FOSTER, | |
| Appellant | No. 1689 EDA 2015 |

Appeal from the PCRA Order May 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1008631-1998

BEFORE: SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 25, 2016**

Appellant, Dale Foster, *pro se*, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> This case has a tortured procedural history, which we summarize as follows. On October 20, 1999, Appellant was found guilty by a jury of one count each of aggravated assault, carrying a firearm without a license, carrying firearms in public, persons not to possess a firearm, criminal trespass, possession of an instrument of a crime, terroristic threats, simple assault, recklessly endangering another person (REAP), resisting arrest, and criminal conspiracy. On December 16, 1999, the trial court imposed an aggregate sentence of 24½ to 77 years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

imprisonment. Appellant did not file any post-sentence motions. On November 9, 2001, this Court affirmed the judgment of sentence. ***Commonwealth v. Foster***, 792 A.2d 613 (Pa. Super. 2001) (unpublished memorandum) (***Foster I***). Appellant did not file a petition for allowance of appeal in our Supreme Court.

Appellant timely filed his first PCRA petition on November 12, 2002. The PCRA court dismissed said petition on October 20, 2004. On June 15, 2006, this Court dismissed Appellant's appeal, concluding that Appellant had waived all issues by not filing a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). ***Commonwealth v. Foster***, 905 A.2d 1042 (Pa. Super. 2006) (unpublished memorandum) (***Foster II***).

On March 28, 2007, Appellant filed a second *pro se* PCRA petition. Counsel, who represented Appellant in the first PCRA, filed a supplemental PCRA petition on July 13, 2007, alleging that Appellant was deprived of the effective assistance of counsel due to counsel's own failure to file a Rule 1925(b) statement during his first PCRA appeal. On a motion from the Commonwealth, the PCRA court appointed new counsel for Appellant. The Commonwealth also informed the PCRA court that it did not oppose the restoration of Appellant's PCRA appeal rights *nunc pro tunc*.

On February 2, 2009, the PCRA court entered the following order.

> AND NOW this 29th day of January 2009 on motion of John P. Cotter, Esq., Attorney for Appellant, Appellant's PCRA petition is granted and Appellant's appeal rights are reinstated and Appellant is permitted to file a notice of appeal *nunc pro tunc* from the denial of PCRA relief imposed in the above matter within 30 days of the date hereof.

PCRA Court Order, 2/2/09. Accordingly, Appellant filed a timely notice of appeal *nunc pro tunc* from the denial of PCRA relief to this Court on February 4, 2009.

On March 26, 2010, this Court issued its decision in an unpublished memorandum. Relevant to this appeal, this Court

characterized the case as a direct appeal *nunc pro tunc* from Appellant's judgment of sentence. The panel specifically concluded as follows.

> As already noted, we determine this case is before us on direct appeal, *nunc pro tunc*, from Appellant's judgment of sentence. While both Appellant and the Commonwealth believe this case is before us as a collateral appeal from the denial of Appellant's first PCRA petition, we disagree. Here, Judge Dembe granted Appellant's second PCRA petition, and reinstated his right to file a direct appeal *nunc pro tunc*, which Appellant did.

**Commonwealth v. Foster**, 996 A.2d 541 (Pa. Super. 2010) (unpublished memorandum at 7) (**Foster III**). The Court declined to address any of Appellant's claims of ineffective assistance of counsel on appeal pursuant to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), in which our Supreme Court held that claims of ineffective assistance of counsel must be deferred to collateral attack under the PCRA. **Id.** at 738; **Foster III, supra**. The panel concluded that it could not address Appellant's claims of trial counsel ineffectiveness because the trial court did not conduct an evidentiary hearing or develop a record. **Id.** Therefore, this Court concluded "the proper disposition is to dismiss his claim without prejudice to proceed pursuant to the PCRA." **Id.** Neither Appellant nor the Commonwealth filed a petition for allowance of appeal in our Supreme Court.

On May 7, 2010, Appellant filed the instant *pro se* PCRA petition. On December 17, 2010, counsel filed an amended PCRA petition. After a substitution of counsel, a second amended PCRA petition was filed on Appellant's behalf on October 17, 2011. The Commonwealth filed its motion to dismiss on December 22, 2011. On July 12, 2012, Appellant filed a supplemental amended petition. The Commonwealth filed a supplemental answer on November 13, 2012.

On January 22, 2013, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On January 31, 2013, Appellant filed a *pro se* response, and on February 21, 2013, Appellant filed a counseled response. On March 7, 2013,

- 3 -

the PCRA court entered its final order dismissing Appellant's PCRA petition as untimely. On March 11, 2013, Appellant filed a timely notice of appeal.[2]

> [2] On March 14, 2013, the PCRA court entered an order directing Appellant to file a Rule 1925(b) statement within 21 days. Counsel for Appellant complied on April 3, 2013. On April 17, 2013, Appellant filed a *pro se* supplemental Rule 1925(b) statement, objected to counsel's Rule 1925(b) statement and claimed ineffective assistance of PCRA counsel. On May 10, 2013, Appellant filed an application for remand in this Court for the PCRA court to conduct a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). On May 29, 2013, this Court remanded the case for the 60 days for the PCRA to conduct a *Grazier* hearing. The PCRA court conducted the required *Grazier* hearing on October 17, 2013 and granted Appellant the right to proceed *pro se*.

*Commonwealth v. Foster*, 788 EDA 2013, 116 A.3d 693 (Pa. Super. filed December 19, 2014) (unpublished memorandum at 1-5) (footnote omitted).

On appeal, this Court determined that the PCRA court improperly concluded that the PCRA petition was untimely filed. *Foster*, 788 EDA 2013 at 8, 116 A.3d 693. As this Court explained:

> It was the judgment of this Court on March 26, 2010 that Appellant's appeal docketed at 433 EDA 2009 was a direct appeal *nunc pro tunc* from his December 16, 1999 original judgment of sentence. Therefore, Appellant's judgment of sentence was affirmed by this Court on March 26, 2010, despite already having been affirmed on November 9, 2001 after a consideration of Appellant's issues on the merits. Neither Appellant nor the Commonwealth filed a petition for allowance of appeal in our Supreme Court. . . . Consequently, the effect of this Court's judgment in *Foster III* was to reset the clock for the purposes of the PCRA time-bar. Therefore, Appellant's judgment of sentence became final on April 26, 2010, when the filing period for an *allocatur* petition in our Supreme Court

- 4 -

expired. As a result, Appellant had until April 26, 2011 to timely file a PCRA petition. As Appellant filed the instant petition on May 7, 2010, it was timely filed. Therefore, the PCRA court's conclusion that the PCRA petition was untimely was not correct.

*Foster*, 788 EDA 2013, (unpublished memorandum at 8-9)(internal citations and footnote omitted). Accordingly, we vacated the PCRA court's order and remanded the case to the PCRA court without expressing any opinion on the merits of the issues raised.

Appellant petitioned the PCRA court to appoint counsel to represent him. This petition was denied on November 27, 2013, and Appellant was advised that he retained the right to proceed *pro se* or that he could retain private counsel to represent him. Appellant also filed a similar petition with this Court. By order dated January 7, 2014, this Court denied the petition for appointed counsel in light of Appellant being permitted to proceed *pro se* following the waiver of counsel proceeding pursuant to *Grazier*, but stated in that order that Appellant could petition the PCRA court to have prior PCRA counsel reappointed. Order, 1/7/14. No such petition was filed by Appellant. On March 23, 2015, Appellant filed with the PCRA court a motion to appoint counsel other than former PCRA counsel. Appellant also filed a petition for allowance of appeal to our Supreme Court, challenging the January 7, 2014 order of this Court, which was denied. *Commonwealth v. Foster*, 35 EM 2014, 95 A.3d 276 (Pa. filed June 12, 2014). The motion to appoint different PCRA counsel was denied by the PCRA court by order entered April 2, 2015. Order, 4/2/15.

After reviewing the issues raised in Appellant's May 7, 2010 PCRA petition, the PCRA court on April 21, 2015, issued a notice of intent to dismiss the PCRA petition. By order entered May 11, 2015, the PCRA court dismissed the PCRA petition. A timely notice of appeal was filed on May 29, 2015. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant timely complied. In his Pa.R.A.P. 1925(b) statement, Appellant presented the following issues:

> 1.   The trial court erred in denying [Appellant's] PCRA Petition where trial counsel was ineffective for failing to object to the admission of the Commonwealth's expert regarding the ballistics evidence and failing to present his own expert with regard to the ballistics evidence. All subsequent counsel were ineffective for failing to properly preserve this issue.
>
> 2.   The trial court erred in denying [Appellant's] PCRA Petition where trial counsel was ineffective at the sentencing hearing and all subsequent counsel were ineffective for failing to properly preserve the sentencing issues on subsequent proceedings.
>
> 3.   The trial court erred in denying [Appellant's] PCRA Petition where appellate counsel was ineffective for failing to argue the sentencing issue on direct appeal. All subsequent counsel were ineffective for failing to properly preserve this issue.
>
> 4.   The trial court erred in denying [Appellant's] PCRA Petition where Trial counsel was ineffective for failing to file a motion to withdraw when he was not properly prepared for trial, where he failed to prepare adequately for trial, obtain proper discovery or consult with [Appellant] properly prior to trial. All subsequent counsel were ineffective for failing to properly preserve this issue.
>
> 5.   The trial court erred in denying [Appellant's] PCRA Petition where Trial counsel's conduct was deficient under both State and Federal case law, for without adequate consultation he was incapable of acquiring pertinent information, conducting meaningful investigations, and sensibly evaluating all available

defensive options. All subsequent counsel were ineffective for failing to properly preserve this issue.

Appellant's Pa.R.A.P. 1925(b) statement, 11/20/15, at 1. The PCRA court prepared an opinion pursuant to Pa.R.A.P. 1925(a), thoroughly addressing these claims. PCRA Court Opinion, 11/20/15, at 1-13.

Appellant presents the following issues for our review:[1]

I.   Did this court commit an error of law by determining that Appellant's Post Conviction Petition was untimely?

II.  Was Appellant denied due process of law when this court found the certified record contradicted the court's determination that [Appellant's] PCRA petition was untimely?

Appellant's Brief at 4 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no

_____

[1] We note that Appellant fails to present his issues in a statement of questions involved as required by Pa.R.A.P. 2111 and 2116. However, because we are able to ascertain his issues from the brief, and our review is not hampered, we decline to find waiver on this basis.

support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In both issues raised, Appellant argues that the PCRA court erred in determining that his PCRA petition was untimely filed. Appellant's Brief at 4-7. Specifically, Appellant contends that:

> The Court's decision to dismiss this appeal could only be the result of ineffectiveness of PCRA Counsel for failure to submit, a 1925(b) statement, failure of the PCRA Court to abide by It's [sic] mandate and order of <u>March 26, 2010</u>, as required by these proceedings according to <u>Commonwealth v. Perez</u>, 799 A.2d 848 (Pa. Super. 2002) even though the petition appears to be untimely on its face.

***Id.*** at 7. Appellant further requests that appeal proceedings be stayed until he is provided copies of his trial transcripts and relevant PCRA transcripts for perfecting his appeal "in a reasonable amount of time without [which] would result in a denial of due process and a miscarriage of justice." ***Id.*** at 8.

Despite Appellant's assertion that the PCRA court erred in dismissing his PCRA petition as untimely, we observe that the PCRA court did not dismiss Appellant's petition on the basis of untimeliness. As stated, the PCRA court issued an opinion that thoroughly addressed the merits of the issues Appellant raised in his Pa.R.A.P. 1925(b) statement. In addressing these issues, the PCRA court determined that Appellant's claims of ineffective assistance of counsel were meritless. Thus, we conclude that

Appellant's claims that the PCRA court erred in determining that his PCRA petition was untimely lack merit.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016

---

[2] While Appellant raised multiple issues regarding ineffectiveness of counsel in his Pa.R.A.P. 1925(b) statement, he has failed to pursue those issues on appeal.  Because Appellant fails to argue in his brief on appeal the issues raised in his Pa.R.A.P. 1925(b) statement, those issues are waived. **_See Commonwealth v. Heggins_**, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.").