**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Antonio PEREZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.

Filed May 21, 2002.

Frank Willa, Lancaster, for appellant.

Donald R. Totaro, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before: LALLY–GREEN, BENDER, and KELLY, JJ.

KELLY, J.

¶ 1 In this appeal we must determine whether counsel appointed to assist Appellant with his first PCRA petition provided meaningful representation, where appointed counsel filed an amended petition, but did not address the apparent untimeliness of Appellant's petition or respond to the PCRA court's notice of intent to dismiss Appellant's petition as untimely. We hold that to provide meaningful representation, appointed counsel must at least address the timeliness of a PCRA petition and determine whether the petition fits any exception to the PCRA's timeliness provision, where the subject petition is untimely on its face.

¶ 2 The relevant facts and procedural history of this appeal are as follows. In 1995, authorities charged Appellant with 27 counts of sexual abuse involving three minor children of Appellant's ex-paramour. The information was later amended to 23 counts. Following a jury trial on May 16, 1996, the trial court granted a directed verdict in favor of the defense on one count of involuntary deviate sexual intercourse (IDSI) [1] and one count of aggravated indecent assault.[2] The jury convicted Appellant on each of the 21 remaining counts of sexual abuse.[3]

¶ 3 The trial court sentenced Appellant to an aggregate term of fifteen-to-thirty years' incarceration on July 8, 1996. After trial, the public defender was permitted to withdraw and the court appointed new counsel. Newly appointed counsel filed a notice of appeal on August 5, 1996 and a

---

1. 18 Pa.C.S.A. § 3123(5).

2. 18 Pa.C.S.A. § 3125(1).

3. These convictions consist of four additional counts of IDSI; three counts of rape (18 Pa.C.S.A § 3121(1)); three counts of statutory rape (18 Pa.C.S.A. § 3122); three counts of indecent assault (18 Pa.C.S.A. § 3126(a)(1)); two counts of indecent assault of a person with a mental disability (18 Pa.C.S.A. § 3126(a)(6)); three counts of corruption of minors (18 Pa.C.S.A. § 6301(a)); two additional counts of aggravated indecent assault; and one count of criminal attempt (18 Pa. C.S.A. 901(a)).

post-sentence motion the next day. A hearing on the motion was twice scheduled and twice postponed. When the trial court did not address Appellant's post-sentence motion within 120 days, the motion was denied by operation of law. (*See* Pa. R.Crim.P. 720 (formerly Rule 1410)). In the interim, Appellant had withdrawn his notice of appeal to this Court.

¶ 4 Appellant filed a new notice of appeal on January 15, 1997. On appeal, Appellant raised various claims of trial counsel's ineffective assistance, including an allegation that counsel was ineffective for failing to call an expert witness at trial. This Court remanded the matter for an evidentiary hearing on that claim. *Commonwealth v. Perez*, 701 A.2d 781 (Pa.Super.1997)(Table).

¶ 5 The trial court held a hearing on October 9, 1997 and subsequently denied Appellant's claim on June 18, 1998. Appellant filed another appeal and this Court affirmed Appellant's judgment of sentence on March 23, 1999. *Commonwealth v. Perez*, 737 A.2d 1277 (Pa.Super.1999)(Table). On April 28, 1999, Appellant filed a petition for allowance of appeal with our Supreme Court, but that petition was returned as untimely.

¶ 6 On December 26, 2000, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant on January 4, 2001. The court's order allowed newly appointed counsel forty-five days to file an amended petition. On March 19, 2001, appointed counsel filed an amended petition. The amended petition did not address the apparent untimeliness of Appellant's original petition. On May 1, 2001, the PCRA court gave Appellant notice of its intent to dismiss the petition as untimely, affording Appellant twenty days to show good cause why the petition should not be dismissed.

¶ 7 Appellant's counsel did not file a response to the PCRA court's notice of intent to dismiss. However, Appellant filed a *pro se* response arguing his PCRA petition was timely. The trial court dismissed Appellant's petition on June 20, 2001. This appeal followed.

¶ 8 Appellant raises the following issues on appeal:

WHETHER APPELLANT [HAS] A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL TO FILE AND LITIGATE HIS FIRST PCRA PETITION?

WHETHER THE ASSISTANCE RENDERED BY APPELLANT'S COURT APPOINTED COUNSEL [WAS] SUFFICIENT TO DISCHARGE EFFECTIVE ASSISTANCE OF COUNSEL?

WHETHER THE PCRA COURT [ERRED] IN DISMISSING APPELLANT'S UNCOUNSELED PETITION FOR POST CONVICTION RELIEF?

WHETHER APPELLANT'S PCRA PETITION WAS FILED TIMELY ACCORDING TO THE RULES OF APPELLATE PROCEDURE 903(A)?

WHETHER APPELLANT['S] PCRA PETITION COMPORTS WITH THE TIMELINESS REQUIREMENTS UNDER THE AMENDED ACT, 42 PA.C.S.A. § 9545(B)(3)?

WHETHER THIS APPEAL OF DENIAL OF PCRA RIGHTS IS TIMELY?

(Appellant's Brief at 14).

¶ 9 Initially, we note, "[o]ur review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) *(en banc)*, *appeal*

*denied*, 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Gaskins*, 692 A.2d 224, 226 (Pa.Super.1997). We grant great deference to the findings of the PCRA court and will not disturb findings that are supported by the record. *Yager, supra; Gaskins, supra.*

¶ 10 As a prefatory matter, we must determine whether the instant appeal is timely, where Appellant's notice of appeal was docketed thirty-six days after the order denying PCRA relief was entered on the docket. Pursuant to Rule 903(a), "[T]he notice of appeal...shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa. R.A.P. 903(a). Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Hottinger*, 370 Pa.Super. 527, 537 A.2d 1, 3 (1987), *appeal denied*, 520 Pa. 614, 554 A.2d 507 (1988).

¶ 11 However, our Supreme Court has recognized:

> The *pro se* prisoner's state of incarceration prohibits him from directly filing an appeal with the appellate court and prohibits any monitoring of the filing process. Therefore...a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox.

*Smith v. Pennsylvania Bd. Of Probation and Parole*, 546 Pa. 115, 683 A.2d 278 (1996). The Supreme Court formally adopted what is now known as the "prisoner mailbox rule" in *Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997). Pursuant to that rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities. . . ." *Id.* at 63, 700 A.2d at 426.

¶ 12 In the instant case, Appellant's notice of appeal was docketed on July 26, 2001, six days beyond the thirty-day appeal period prescribed by Pa.R.A.P. 903(a). However, Appellant alleges he sent his notice of appeal for filing on July 15, 2001. As support for this contention, Appellant submits a copy of a certified mail receipt. The receipt demonstrates that Appellant's notice of appeal was sent to the "Lancaster County Clerk of Courts" on July 16, 2001. Additionally, Appellant's notice of appeal is dated July 15, 2001. We conclude, therefore, Appellant has sufficiently demonstrated that he deposited his notice of appeal in the prison mail system on or about July 16, 2001. As that deposit was within the thirty-day period provided by Pa.R.A.P. 903(a), we deem Appellant's present appeal timely. *See Jones, supra.* We now turn to Appellant's issues on appeal.

¶ 13 In his first two issues, Appellant argues he was entitled to the effective representation of counsel on his first PCRA petition, even though the petition was untimely on its face. Although Appellant was appointed counsel, Appellant alleges appointed counsel's performance was deficient such that Appellant was effectively denied representation. Appellant concludes he was deprived of his right to assistance of counsel and requests a remand. We agree.

¶ 14 "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Commonwealth v. Albrecht*, 554 Pa. 31, 43, 720 A.2d 693, 699 (1998). An indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face. *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super.2000); *Commonwealth v. Ferguson*, 722 A.2d 177 (Pa.Super.1998); *Commonwealth v. Hampton*, 718 A.2d 1250

(Pa.Super.1998). *See also* Pa.R.Crim.P. 904 (formerly Rule 1504). In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements of 42 Pa. C.S.A. § 9545(b) applies. *See Guthrie, supra; Ferguson, supra.*

¶ 15 The right to counsel on an indigent petitioner's first PCRA petition is not limited to the mere naming of an attorney. *Hampton, supra.* To have any meaning, the rule also requires appointed counsel to provide meaningful representation. *Id.* As this Court has recently stated:

> "when appointed counsel fails to amend an inarticulately drafted *pro se* [post-conviction] petition, **or fails otherwise to participate meaningfully,** this court will conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the representation requirement...." [*Commonwealth v.*] *Ollie,* 450 A.2d [1026,] 1028 [Pa.Super.1982] quoting *Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980) (internal quotation marks omitted). Both this Court and our Supreme Court have recognized that a post-conviction petition is effectively uncounselled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction "deprived the petitioner 'the opportunity of legally trained counsel to advance his position in acceptable legal terms.'" *Sangricco, supra,* at 133, 415 A.2d at 68, quoting [*Commonwealth v.*] *Fiero,* [462 Pa. 409,] 413, 341 A.2d [448,] 450 [ (1975) ].
>
> * * *
>
> Though the foregoing decisions predate adoption of the Post Conviction Relief Act and current Rules of Criminal Procedure 1504 and 1507, this Court has held more recently that "one constant remains as a holdover, from the prior law: an indigent defendant shall be availed the opportunity to secure the appointment of counsel to aid in the perfection of his first petition seeking post-conviction collateral relief." [*Commonwealth v.*] *Kaufmann,* 592 A.2d [691,] 698 [ (Pa.Super.1991) ]. We find also that, as under our prior law, "[t]his rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Fiero* [, *supra* at] 413, 341 A.2d [at] 450. Accordingly, where, as under our prior case law, the record fails to demonstrate meaningful participation by counsel appointed to represent an indigent petitioner filing his first petition, we will remand for appointment of new counsel.

*Hampton, supra* at 1253–54 (emphasis added). Therefore, where an appellant's right to representation has "been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review." *Commonwealth v. Kenney,* 557 Pa. 195, 202, 732 A.2d 1161, 1164 (1999).

¶ 16 In the instant case, this Court affirmed Appellant's judgment of sentence on March 23, 1999. His judgment of sentence became final on or about April 22, 1999, upon expiration of the time period allowed for an appeal to our Supreme Court. Appellant filed his first and only PCRA petition on December 26, 2000. This petition was untimely on its face as it was filed more than one year from the date Appellant's judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b).

The PCRA court then appointed counsel to represent Appellant. Appointed counsel filed an amended petition, but did not file a brief addressing the issues raised in the amended petition, or cite any relevant law in support of the issues raised.

¶ 17 More importantly, none of the issues presented in counsel's amended petition addressed the timeliness of Appellant's original PCRA petition. *See generally Hampton, supra.* Also, counsel did not respond when the PCRA court notified Appellant of its intent to dismiss the petition as untimely. *Id.* Appointed counsel has not considered whether Appellant's petition is indeed untimely on its face or whether the petition fits one of the three enumerated exceptions to the timeliness provisions. *See Guthrie, supra; Ferguson, supra.* Neither has counsel filed a no merit letter addressing the timeliness of the petition. *See Hampton, supra.*

¶ 18 When counsel is appointed to represent a petitioner on a PCRA petition that is untimely on its face, appointed counsel's first duty is to consider the timeliness of the appeal. *See Guthrie, supra; Ferguson, supra.* Appellant is entitled to have counsel's legal expertise and knowledge applied to this issue. *See generally id.* Counsel's failure to discuss the timeliness issue in any way rendered his representation virtually meaningless. *See Hampton, supra; Guthrie, supra; Ferguson, supra.* Therefore, Appellant was effectively denied the assistance of counsel on his first PCRA petition. *Id.* Nothing in this decision should be construed as creating another exception to the PCRA timeliness requirements. Our decision today is intended only to ensure that petitioners are afforded the assistance of counsel on all aspects of their first PCRA petition, especially the timeliness of such a petition.

 ¶ 19 Based upon the foregoing, we hold that counsel appointed to assist an indigent petitioner on an apparently untimely PCRA petition must at least investigate whether the petition is indeed untimely, and if so, whether the petition fits one of the exceptions to the PCRA's timeliness provisions. Accordingly, we reverse the order of the PCRA court and remand the case for appointment of new counsel to assist Appellant in pursuing his first PCRA petition. *See Kenney, supra.*

¶ 20 Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.