J-S37031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BLAISE P. TUNSTALL | |
| Appellant | No. 1668 WDA 2015 |

Appeal from the PCRA Order September 23, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000145-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED MAY 26, 2016**

Blaise Tunstall appeals from the order of the Court of Common Pleas of Mercer County that dismissed his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for appointment of counsel.

Tunstall pled guilty to aggravated indecent assault on July 2, 2013. On November 21, 2013, the court imposed a sentence of five to ten years' incarceration, based on the mandatory minimum sentencing provisions of 42 Pa.C.S. § 9718(a) (sentences for offenses against infant persons).  Tunstall did not file a direct appeal.  Accordingly, for purposes of the PCRA, his judgment of sentence became final on December 21, 2013, when the period in which to file a notice of appeal expired.  *See* Pa.R.A.P. 903(a).

On August 24, 2015, Tunstall, acting *pro se*, filed a first PCRA petition challenging the legality of his sentence and raising an exception to the one-year time bar for claims under the PCRA. **See** 42 Pa.C.S. § 9545(b).

On August 31, 2015, without appointing counsel, the court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. The court dismissed the petition on September 23, 2015, and this appeal followed.

"When an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for [PCRA] relief." Pa.R.Crim.P. 940(C). "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel. An indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (quotation and citations omitted).

Accordingly, we remand this matter to the Court of Common Pleas of Mercer County to determine if Tunstall is indigent, and if so, to appoint counsel pursuant to Pa.R.Crim.P. 904.[1]

Order vacated. Case remanded for further proceedings consistent with this order. Jurisdiction relinquished.

---

[1] We note that on October 20, 2015, the court granted Tunstall's application for leave to appeal *in forma pauperis*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2016