J-A17009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF MARGARET NAGY MCFADDEN, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: RONALD MCFADDEN | |
| | No. 2918 EDA 2015 |

Appeal from the Decree Entered July 17, 2015 and
the Order Entered August 25, 2015
in the Court of Common Pleas of Philadelphia County
Orphans' Court at No.: 608 DE 2005

BEFORE: GANTMAN, P.J., FITZGERALD, J.,[*] and PLATT, J.[**]

JUDGMENT ORDER BY PLATT, J.:           **FILED JUNE 15, 2016**

Appellant appeals from the decree of the Orphans' Court docketed on July 17, 2015, and the order of August 25, 2015, overruling his exceptions as untimely. For the reasons set forth below, we quash.

We briefly note that this appeal arises out of a long-running dispute regarding the estate of Margaret Nagy McFadden (decedent), who died intestate on December 26, 2003. At issue is the disposal of her residence in Philadelphia. Appellant is the decedent's son; he resides in the residence and has vehemently opposed its proposed sale. In November 2014, the

_____

[*] Former Justice specially assigned to the Superior Court.

[**] Retired Senior Judge assigned to the Superior Court.

Administrator D.B.N. of the estate filed a petition with the Orphans' Court, averring that Appellant was not cooperating with the sale of the residence. On July 17, 2015, the Orphans' Court issued a decree directing Appellant's compliance. On August 10, 2015, approximately twenty-five days later, Appellant filed exceptions. On August 25, 2015, the Orphans' Court overruled his exceptions as untimely. The instant appeal followed.[1]

The Orphans' Court concludes that this appeal is untimely. (**See** Orphans' Court Opinion, 1/06/16, at 8-10). We agree.[2]

Timeliness of an appeal is a jurisdictional question. "When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted). Our Rules of Appellate Procedure mandate that the notice of appeal "shall be filed within [thirty] days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a)." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (internal quotation marks omitted). We strictly construe time limitations on filing appeals. **See id.**

_____

[1] As ordered by the Orphans' Court Appellant filed a timely concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The Orphans' Court filed an opinion. **See** Pa.R.A.P. 1925(a).

[2] We note that the sole issue raised on appeal by Appellant concerns the propriety of the decree directing the administrator to the sell the residence. (**See** Appellant's Brief, at 7). Appellant does not address the issue of the timeliness of the appeal.

Here, we look to Rule 7.1 of the Pennsylvania Orphans' Court Rules, which provides in relevant part: "[e]xcept as provided in Subdivision (e) . . . no later than twenty (20) days after entry of an order, decree or adjudication, a party may file exceptions to any order, decree or adjudication[.]" Pa.O.C.R. 7.1(a). Thus, while the rule does not require the filing of exceptions, if filed, a party must file them within twenty days to extend the appeal period. **See id.**

Here, the Orphans' Court entered its decree on July 17, 2015. Appellant's exceptions were due on or before August 6, 2015. **See** Pa.O.C.R. 7.1(a). However, Appellant did not file them until August 10, 2015, and the Orphans' Court dismissed them as untimely. Because the exceptions were untimely, the thirty–day appeal period began to run from the date the court docketed its order on July 17, 2015. **See** Pa.O.C.R. 7.1 *Explanatory Note*. Therefore, Appellant's notice of appeal was due on or before August 17, 2015.[3] Appellant did not file the notice of appeal until September 15, 2015. Thus, Appellant's failure to file the notice of appeal within thirty (30) days of the decree divests this Court of appellate jurisdiction. **See id.**; **see also Pena**, **supra** at 706. Accordingly, we quash this appeal.

Appeal quashed.

---

[3] August 16, 2015 was a Sunday.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2016