J-S71026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAMEL LEROY JONES | |
| Appellant | No. 1266 EDA 2017 |

Appeal from the PCRA Order Entered March 24, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0001920-2000; CP-48-CR-0001057-2003

BEFORE: PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED JANUARY 11, 2018**

Appellant Shamel Leroy Jones, *pro se*, appeals from the March 24, 2017, order entered in the Court of Common Pleas of Northampton County ("PCRA court"), which dismissed as untimely his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we vacate and remand.

Briefly, on September 8, 2003, Appellant pleaded guilty at dockets 1920-2000 and 1057-2003. Specifically, at docket 1920-2000, he entered into a negotiated guilty plea to robbery carrying a sentence of 36 to 72 months' imprisonment. At docket 1057-2003, Appellant entered into a negotiated guilty plea to possession of contraband carrying a sentence of 18

_____

[*] Retired Senior Judge assigned to the Superior Court.

to 36 months in prison. The trial court ordered the sentences to run concurrently to each other and consecutively to any sentence that he was serving. Appellant did not file a direct appeal.

On February 27, 2017, Appellant filed the instant, his first, PCRA petition, challenging the voluntariness of his guilty plea and asserting ineffectiveness assistance of counsel claims. In his petition, Appellant asserted that he did "not have a lawyer" and was "without financial resources or otherwise unable to obtain a lawyer." Appellant thus requested that the PCRA court "appoint a lawyer to represent" him. The PCRA court did not appoint counsel. Following the PCRA court's issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court denied Appellant PCRA relief on March 24, 2017. Appellant timely appealed to this Court.

At the outset, we observe that Pennsylvania Rule of Criminal Procedure 904 requires the appointment of counsel for an indigent petitioner on his first PCRA petition. *See* Pa.R.Crim.P. 904(c). An indigent defendant must be represented "throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief. Once counsel has entered an appearance on a defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance." *Commonwealth v. Brown*, 836 A.2d 997, 998-99 (Pa. Super. 2003) (citations and quotation marks omitted).

Moreover, and most important, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, **even where the petition appears untimely on its face**." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (emphasis added). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements . . . applies." **Id.** at 852.

Additionally, Rule 904 requires appointed counsel to provide meaningful representation. As we explained in **Perez** "when appointed counsel fails to amend an inarticulately drafted pro se [post-conviction] petition, **or fails otherwise to participate meaningfully**, this [C]ourt will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement. **Id.** at 852 (emphasis in original). "[T]o provide meaningful representation, appointed counsel must at least address the timeliness of a PCRA petition and determine whether the petition fits any exception to the PCRA's timeliness provision, where the subject petition is untimely on its face." **Id.** at 849. Counsel's failure to discuss the timeliness issue renders the "representation virtually meaningless" and effectively denies an appellant the right to assistance of counsel. **Id.** at 853. Where the record fails to demonstrate "meaningful participation by counsel appointed to represent an indigent petitioner filing his first petition, [this Court] will remand for appointment of new counsel." **Id.** at 852, (citation omitted). Indeed, "where an indigent, first-time PCRA petitioner was denied his right to counsel

. . . this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Instantly, our review of the record reveals that the PCRA court failed to appoint counsel to represent Appellant on the instant—his first—PCRA petition, despite Appellant's request for counsel. As stated, Appellant specifically asserted that he was without resources to hire an attorney. In fact, Appellant is proceeding *in forma pauperis* in this appeal. Accordingly, the PCRA court erred in failing to appoint counsel to represent Appellant on his first PCRA petition. We, therefore, remand this case to the PCRA court to appoint counsel to represent Appellant and to hold further proceedings. ***See*** Pa.R.Crim.P. 904(c).

We recognize that Appellant *pro se* filed his PCRA petition over a decade after his time for filing it had expired. As stated earlier, the record reflects Appellant's judgment of sentence became final on October 8, 2003. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from October 8, 2003, to file his PCRA petition, the current filing is facially untimely given it was filed on February 27, 2017. Yet, despite his PCRA petition being facially untimely, Appellant still was entitled to counsel. ***See Perez***, ***supra***.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/11/18</u>