J-S46007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.               :
:
:
SHAWNQUINN DEVONTE CRUZ    :
:
Appellant       :   No. 995 EDA 2017

Appeal from the PCRA Order January 30, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003753-2012,
CP-39-CR-0004054-2012, CP-39-CR-0004061-2012,
CP-39-CR-0004636-2011

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:          **FILED AUGUST 15, 2018**

Shawnquinn Devonte Cruz appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act.  We quash the appeal as untimely.

Appellant entered negotiated guilty pleas to aggravated assault, attempted criminal homicide, and theft-related crimes at the above-referenced dockets.  On October 29, 2013, Appellant was sentenced to serve an aggregate term of twelve and one-half to forty years incarceration.  Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition, which was ultimately dismissed.[1]  Appellant thereafter filed the instant *pro se* PCRA petition, his second, on November 14, 2016, asserting ineffective assistance of counsel and illegality of sentence.  The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing due to its untimeliness.  Appellant filed a response beyond the twenty-day period to respond indicated in the notice.  Nevertheless, the PCRA court considered both his *pro se* petition as well as his *pro se* response before entering its January 30, 2017 order dismissing the petition as untimely.  On January 31, 2017, the PCRA court mailed Appellant notice of the January 30, 2017 order.  Appellant filed a *pro se* notice of appeal, which was docketed on March 6, 2017.

As a prefatory matter, before we review the issues presented by Appellant, we must address the timeliness of this appeal because it appears that Appellant filed the instant notice of appeal beyond the period permitted by law.  The question of timeliness of an appeal is jurisdictional. ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa.Super. 2000).  Time limitations on appeal periods are strictly construed and cannot be extended as a matter of grace.  ***See Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002).  The notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken.  ***See*** Pa.R.A.P. 903(a).

_____

[1]  Appellant was appointed counsel upon the filing of his first PCRA petition.

"[T]he day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties …." Pa.R.A.P. 108(a)(1). Additionally, under the prisoner mailbox rule, when a *pro se* appellant is incarcerated, an appeal is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011). Thus, as the clerk of courts mailed the dismissal order to Appellant on January 31, 2017, Appellant had until March 2, 2017, to deposit his notice of appeal with prison authorities or place it in the prison mailbox.

Our review of the certified record discloses that Appellant wrote the date of February 23, 2017 on his notice of appeal and certificate of service. However, neither of these items is time-stamped, or bears any indicia of delivery to prison authorities. Nor does the record contain any other evidence indicating that Appellant placed his notice of appeal in the prison mailbox on or before March 2, 2017, such as a cash slip or postage markings.

Accordingly, on January 26, 2018, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Appellant was given ten days in which to respond to the rule, and advised that if he failed to do so, his appeal could be quashed or dismissed. Appellant sought an extension of time to respond to the rule, and was given until April 3, 2018, to respond. Appellant did not respond. Thus, Appellant did not establish that he provided

his notice of appeal to prison authorities on or before March 2, 2017. On this basis, we quash the appeal.[2]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2018

_____

[2] Even if Appellant had provided sufficient proof that his appeal was timely filed, we would have determined that the PCRA court properly dismissed the petition as untimely filed. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Here, Appellant's judgment of sentence became final on December 2, 2013, when the thirty-day period of time to file an appeal with our Court expired.[2] *See* 42 Pa.C.S. § 9545(b)(3). Appellant had until December 2, 2014, to file the instant PCRA Petition, but did not do so until November 14, 2016. Although Pennsylvania courts may consider an untimely PCRA petition if the appellant can plead and prove one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1), Appellant failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1). Accordingly, the PCRA court did not err in dismissing Appellant's second PCRA petition as untimely filed.