J-S56017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS CHEMIL HARRIS, | : | |
| | : | |
| Appellant. | : | No. 1677 MDA 2017 |

Appeal from the Judgment of Sentence, September 25, 2017,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0004465-2016.

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED DECEMBER 28, 2018**

Dennis Harris appeals from the judgment of sentence imposed after a jury convicted him of robbery and robbery of a financial institution.[1]  After careful review, we quash this appeal as untimely filed.

The relevant facts are as follows.  On August 20, 2015, at approximately 10:41 a.m., the Wells Fargo Bank in Stewartstown, Pennsylvania was robbed at gunpoint.  The robber was a thin, light-skinned, black male, who wore a nylon stocking over his face, a Florida Marlin's baseball cap, a white, long-sleeved shirt, white sneakers with dark soles, and dark jeans.  The suspect, with his left hand, pointed the gun at the teller and demanded money.  Security footage depicted this gun as having an abnormal protrusion on its underside.  After stealing money, the man fled on foot.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 3701(a)(1)(vi).

That same day, at 10:15 a.m., approximately 25 minutes prior to the Wells Fargo robbery, personnel at People's Bank reported they had been "cased." Video surveillance footage depicted a man who was similar in size, body build, and posturing. The man was approximately between 5'7" and 5'9" tall. Other than wearing a different shirt – a gray tank top – the man depicted in the People's Bank surveillance footage appeared to exactly match the suspect in the Wells Fargo security footage. The video surveillance from People's Bank also revealed the suspect exiting and then reentering the passenger side door of a gray Chevrolet Impala. Notably, this car displayed a Maryland War of 1812 license plate and had a large dent on the driver's side rear fender.

On September 4, 2015, another bank robbery occurred at the Santander Bank in York Township. Witnesses stated that the suspect was a slender, black male, between 5'7" to 6' tall, and wore pantyhose over his face. The suspect also wore a black, red-brimmed baseball cap and held a black firearm in his left hand while demanding money. The robber also had a ring on his ring finger of this same hand. After a teller handed over several thousand dollars, the suspect fled the bank. Upon reviewing photos from the robbery at Santander Bank, detectives recognized the suspect as the man involved in the People's Bank casing and the Wells Fargo robbery which occurred several weeks prior. The September 4, 2015, robbery is the event at issue in the instant appeal.

On September 15, 2015, police were dispatched to a reported robbery at Northwest Savings Bank. Two black males, wearing hoodies with the hoods up, and pantyhose over their faces, entered the bank demanding money. One suspect brandished a handgun. The suspect held this weapon in his left hand, had a ring on his ring finger of that hand, and was wearing a baseball cap with a red brim. The bank personnel surrendered the money and the two suspects fled the bank.

Corporal Krzywulak was near Northwest Savings Bank when he heard dispatch reporting the robbery. He spotted a silver Chevrolet Impala with a Maryland license plate which matched the vehicle of interest from the August 20, 2015, incident. Corporal Krzywulak and two other officers pursued the vehicle and successfully brought the Impala to a stop after it attempted to evade them.

Upon approaching the vehicle, police ordered the driver, Derek Lozzi, a white male, to put his hands up. Police found Harris, apparently trying to hide under the glove compartment, on the front seat passenger floor, and Stanley Riddic, a second black male, lying on the rear floor of the vehicle. All three men were taken into custody.

Upon inspection, the officers discovered a black-red brimmed Baltimore Orioles hat, cut nylons and a firearm under the glove compartment. The vehicle had a dent on the driver's side rear fender. The officers determined this vehicle was the same car depicted in the video surveillance from People's Bank on August 20, 2015. Additionally, the officers found a handgun in the

trunk of the vehicle which had a knob protruding from its underside, similar to the one seen in the Wells Fargo robbery.

Ultimately, the police received permission from Harris' girlfriend to search her residence – the location where Harris had been living. While going through Harris' belongings, the police located a long-sleeve, white shirt that resembled the long-sleeve, white shirt worn by the robber during the Wells Fargo robbery.

Harris was convicted of the two robberies from August 20, 2015, and the one robbery from September 15, 2015.[2] In light of these convictions, when prosecuting Harris for the Santander Bank robbery from September 4, 2015, the Commonwealth filed a Motion in Limine to introduce other bad acts under Pennsylvania Rule of Evidence 404(b). On September 5, 2017, over Harris' objections, the court granted the Commonwealth's motion and allowed evidence of the other robberies for the purpose of showing a common scheme or plan.[3]

---

[2] Two separate juries unanimously convicted Harris on various robbery counts concerning the events which transpired on August 20, 2015, and September 15, 2015. He was sentenced to an aggregate term of 14 ½ to 29 years' incarceration for these convictions.

[3] That same day, the Commonwealth moved to *nolle prosequi* the charges against Harris' co-defendant, Stanley Riddic, stating that they lacked evidence to prove beyond a reasonable doubt that Riddic was involved in the robbery that occurred on September 4, 2015. The court had earlier consolidated Harris' case with Riddic's case, when Riddic was charged with identical counts of robbery and criminal conspiracy arising from the same incident. The court granted the motion and dismissed those charges against Riddic. The

On September 6, 2017, after a two day trial, a jury unanimously convicted Harris of robbery and robbery of a financial institution in connection with the Santander Bank incident. The court sentenced Harris to a term of 7 ½ to 15 years' incarceration.

Harris presents the following two issues for our review:

1. Whether there was insufficient evidence presented by the Commonwealth at trial to prove beyond a reasonable doubt that [Harris] committed the crime of robbery.

2. Whether there was insufficient evidence presented by the Commonwealth at trial to prove beyond a reasonable doubt that [Harris] committed the crime of Robbery of a Financial Institution.

Harris' Brief at 4.

Before we review the merits of Harris' claims, we must address the timeliness of his appeal. We have no jurisdiction over untimely appeals, and may raise such jurisdictional issues *sua sponte*. **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Time limitations on appeal periods are strictly construed and, generally, an appellate court cannot extend the time for filing an appeal as a matter of grace. **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted); **see also**, Pa.R.A.P. 105(b). We may only hear an untimely appeal in the case of fraud or a breakdown in the administrative operations of the courts, which is not alleged here. **See Bass v. Commonwealth**, 401

Commonwealth then amended the information in this case and removed the two conspiracy charges against Harris.

A.2d 1133, 1135 (Pa. 1979). Negligence of an appellant, an appellant's counsel, or counsel's agent is not a sufficient excuse. *Id.*

The trial court sentenced Harris on September 25, 2017. Harris filed no post-sentence motions. The Rules of Criminal Procedure Provide, "if the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence." Pa .R. Crim. P. 720(A)(3). Accordingly, Harris had 30 days from September 25, 2017, the day he was sentenced, to file a timely notice of appeal. *See* Pa.R.A.P. 903(a). That period ended October 25, 2017. Harris' notice of appeal is date-stamped on October 26, 2017. Thus, this appeal is facially untimely, and we are constrained to quash it.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2018