J-S47005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA
                               :
           v.                  :
                               :
                               :
VICKENS STIMPHONT              :
                               :
        Appellant              :  No. 160 MDA 2019

Appeal from the Judgment of Sentence Entered December 21, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001132-2018

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:               **FILED JANUARY 02, 2020**

Appellant, Vickens Stimphont, appeals from the December 21, 2018 Judgment of Sentence entered in the Schuylkill County Court of Common Pleas.  As Appellant's Notice of Appeal from the Judgment of Sentence is untimely, we are compelled to quash this appeal.

On October 22, 2018, a jury convicted Appellant of Possession With Intent to Deliver a Controlled Substance and related charges.  On December 21, 2018, the trial court sentenced Appellant, *inter alia*, to an aggregate term of 28 to 56 months' incarceration.  Appellant did not file a post-sentence motion.

On January 28, 2019, Appellant filed an untimely *pro se* Notice of Appeal.  On February 20, 2019, after a hearing, the trial court appointed counsel for Appellant.  Appellant and the trial court both complied with

Pa.R.A.P. 1925.[1]  In its Pa.R.A.P. 1925(a) Opinion, the trial court concluded that Appellant's Notice of Appeal was untimely.

On June 18, 2019, counsel filed an **Anders** Brief and a Motion to Withdraw as Counsel.  In the **Anders** Brief, counsel for Appellant raises a single issue for our review:  "Was trial counsel ineffective in representing Appellant?"  Anders Br. at 5.

On November 8, 2019, this Court issued a Rule to Show Cause why the appeal should not be quashed as untimely.  Order, 11/8/19.  This Court afforded Appellant ten days to respond, but he failed to do so.

As an initial matter, we must determine whether we have jurisdiction to consider the merits of this appeal, as we "lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*."  **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted).  "Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace."  **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted).

As stated above, Appellant's *pro se* appeal, filed 39 days after Appellant's Judgment of Sentence, is facially untimely.  **See** Pa.R.A.P. 108(d)(2) (stating where no post-sentence motion is filed, the day of imposition of sentence in open court shall be deemed to be the date of entry of judgment of sentence); Pa.R.A.P. 903(a) (stating the notice of appeal shall

---

[1] Appellant filed a counseled Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal.

be filed within 30 days after the entry of the order from which the appeal is taken). Nevertheless, under the "prisoner mailbox rule," a *pro se* appeal by a prisoner is deemed filed on the date the prisoner delivers the appeal to prison authorities for mailing, even if the appeal is actually received after the deadline for filing an appeal. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011). Pursuant to the rule, this Court is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." ***Perez***, 799 A.2d at 851 (citation omitted). This includes, but is not limited to, a cash slip, a postmarked envelope, an affidavit, or any evidence of "routine practices of prison authorities regarding the pick-up and delivery of the mail and any records regarding the dates of the deposit of outgoing mail[.]" ***Chambers****,* 35 A.3d at 40.

Here, however, Appellant has not provided any documentation in response to our Rule to Show Cause Order, and the certified record contains no cash slips, postmarked envelopes, affidavits, or any other documentation indicating when Appellant deposited his *pro se* Notice of Appeal with prison authorities. Although the *pro se* Notice of Appeal is self-dated January 22, 2019, that does not adequately demonstrate that Appellant mailed it from prison on that date. As Appellant's Notice of Appeal is facially untimely and Appellant makes no attempt to argue that we have jurisdiction to consider his claims, we are constrained to quash. ***See Capaldi, supra*** at 1244.

In light of our disposition, the Motion to Withdraw as Counsel is denied as moot.

Appeal quashed.  Motion to Withdraw as Counsel denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/02/2020