**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATASHA QIANA MILLER | : | |
| | : | |
| Appellant | : | No. 1186 WDA 2019 |

Appeal from the Order Entered June 28, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001023-2012

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JANUARY 15, 2020**

Natasha Qiana Miller (Miller) appeals the order of the Blair County Court of Common Pleas (PCRA court) dismissing her petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Essentially, Miller argues that she is entitled to relief because she was illegally indicted prior to entering a plea in this case.  As the PCRA court now recognizes, the order on review must be vacated because Miller was not appointed counsel despite being a first-time PCRA petitioner.

Miller pled guilty in September 2012 to multiple drug-related offenses, including possession of cocaine.  The trial court imposed an aggregate prison

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

sentence of 16 to 32 years. On direct appeal, in **Commonwealth v. Miller**, No. 1963 WDA 2012 (Pa. Super. March 3, 2014), this Court vacated the judgment of sentence to remedy the erroneous application of a mandatory minimum sentence. The trial court, on remand, imposed an aggregate prison term of 15 to 30 years. Miller filed another appeal, but discontinued it prior to a final disposition.

On June 14, 2019, Miller filed a *pro se* "Motion for Reconsideration of the Sentence, Nunc Pro Tunc," challenging the legality of the underlying indictment against her. The motion was denied. Miller timely appealed and both she and the PCRA court complied with Pa.R.A.P. 1925.

In its opinion, the PCRA court asked this Court to reverse the dismissal of Miller's *pro se* motion because she had not been afforded counsel:

> Upon review of the docket in this case and the underlying appeal, the court believes that it should have construed the petition for Reconsideration of Sentence Nunc Pro Tunc filed by [Miller] on June 14, 2019 as a [PCRA] Petition . . . Accordingly, this court's denial and dismissal of the same on June 28, 2018 was premature. For the following reasons, the court respectfully requests that the [Superior Court] remand this case for the appointment of PCRA counsel.

> "We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002). It appears from the docket that Miller's judgment of sentence became final on November 23, 2014, thirty (30) days after she discontinued her direct appeal to the Pennsylvania Superior Court. Therefore, her petition was filed after her judgment of sentence became final and should be been construed as a petition for relief pursuant to the PCRA.

Furthermore, while Miller's PCRA petition is untimely on its face, this court is aware that "[p]ursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (citation omitted); ***see also*** Pa.R.Crim.P. 904(C), (F)(2) (stating that an indigent defendant is entitled to counsel for litigation of a first PCRA petition and on appeal).

Moreover, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002) (citations omitted). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements of 42 Pa.C.S. § 9545(b) applies." ***Id***. at 852 (citations omitted).

Based on the foregoing, the court acknowledges that the entry of the order dismissing Miller's Petition for Sentence Modification Nunc Pro Tunc was premature and respectfully request that the [Superior Court] remand this case for the appointment of PCRA counsel to determine whether any exceptions to the PCRA's time bar apply to this matter.

PCRA Court's 1925(a) Opinion, 8/6/2019, at 1-2.

In light of the facts and authorities cogently summarized in the PCRA court's opinion, the request for remand is granted so that Miller may be appointed PCRA counsel. We make no determination as to the merits of Miller's claims.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/2020