J-S35013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMATUL ALMUTAKAB SHARIF | : | |
| | : | |
| Appellant | : | No. 463 MDA 2022 |

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002763-2016

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED:  DECEMBER 5, 2022**

Amatul Almutakab Sharif appeals from the post-conviction court's order denying, as untimely, his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the court's order and remand for further proceedings.

The PCRA court summarized the pertinent facts and procedural history of Appellant's case, as follows:

> [Appellant] was charged with statutory sexual assault, involuntary deviate sexual intercourse, corruption of minors, unlawful contact with minor, endangering welfare of children[,] and indecent assault.  These charges resulted from … [Appellant's] engaging in sexual activity with his stepdaughter[,] who was fifteen years of age when the activity began.
>
> ***

_____

[*] Former Justice specially assigned to the Superior Court.

On October 29, 2018, the date on which trial was scheduled to begin, … [Appellant] entered a guilty plea to unlawful contact with minor and corruption of minors. … Sentencing was continued on several occasions and a motion to withdraw [the] guilty plea was filed on [Appellant's] behalf on March 27, 2019.  In the motion, [Appellant] claimed that he was not guilty of the crimes charged.

\*\*\*

[Appellant's] motion to withdraw [his] guilty plea was denied.

Sentencing was held on June 21, 2019.  A standard[-]range sentence of 120 to 240 months[' incarceration] was imposed on the unlawful contact with minor charge.  A concurrent sentence of 21 to 42 months[' incarceration] was imposed on the corruption of minors charge.  Both sentences were within the standard range of the sentencing guidelines.

On July 11, 2019, appellate counsel filed a notice of appeal to the Superior Court of Pennsylvania.  The only issue raised on behalf of [Appellant] was whether an abuse of discretion and/or error of law was committed by refusing to permit him to withdraw his guilty plea.  [Appellant's] judgment of sentence was affirmed by the Superior Court of Pennsylvania in a memorandum filed on April 3, 2020.  [*See Commonwealth v. Sharif*, 236 A.3d 1071 (Pa. Super. 2020) (unpublished memorandum).]

A Petition for Allowance of Appeal to the Pennsylvania Supreme Court was filed on April 29, 2020.  On October 13, 2020, this petition was denied.  [*See Commonwealth v. Sharif*, 240 A.3d 106 (Pa. 2020).]

On October 18, 2021, [Appellant] filed a [*pro se* PCRA petition]. A notice of intention to dismiss [the PCRA petition] pursuant to Pa.R.Crim.P. 907 was filed on December 6, 2021[,] and served on [Appellant].  His [PCRA petition] was dismissed on February 15, 2022.

[Appellant] filed a [*pro* se] notice of appeal on March 11, 2022[,] and a [*pro se* Pa.R.A.P. 1925(b)] concise statement of errors complained of on appeal on April 6, 2022.  In his concise statement, [Appellant] alleged that his PCRA [petition] was timely filed and he was entitled to representation by counsel.

PCRA Court Opinion (PCO), 5/16/22, at 1-2 (unnumbered; unnecessary capitalization omitted).

On April 11, 2022, this Court issued a *per curiam* order remanding for the PCRA court to determine if Appellant was entitled to the appointment of counsel on appeal. On April 18, 2022, the PCRA court appointed counsel for Appellant, who thereafter entered his appearance on Appellant's behalf in this Court. The PCRA court filed its Rule 1925(a) opinion on May 16, 2022.

Herein, Appellant states one issue for our review: "Whether Appellant's PCRA [petition] was filed in a timely [manner] and whether he was entitled to representation by counsel." Appellant's Brief at 1.

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). Instantly, Appellant contends that the PCRA court erred by deeming his *pro se* petition untimely, and by failing to appoint him counsel to assist him in litigating his first petition below. Notably, the PCRA court and Commonwealth both concede that Appellant's petition was timely filed, and that counsel should have been appointed. **See** PCO at 2-3 (unnumbered); Commonwealth's Brief at 4.

We agree with the court and the parties. Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless

one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. Here, after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 13, 2020, he had 90 days to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Sup. Ct. Rule 13 (providing that "[a] petition for writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review"). Thus, Appellant's judgment of sentence became final on January 11, 2021, and he had until January 11, 2022, to file a timely PCRA petition. Because Appellant's *pro se* PCRA petition was filed on October 18, 2021, it is timely.

Additionally, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). "The denial of PCRA relief [on a first petition] cannot stand unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002). In this case, the PCRA court determined, upon remand from this Court, that Appellant is indigent. Therefore, he was entitled to the appointment of counsel for the litigation of his petition below.

Accordingly, we agree with the PCRA court and the parties that Appellant's *pro se* PCRA petition was timely filed, and that the court erred by not appointing him counsel. Therefore, we vacate the PCRA court's order denying Appellant's *pro se* petition as untimely, and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/05/2022