J-S46005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWANE BRYAN JOLLY | : | |
| | : | |
| Appellant | : | No. 803 WDA 2025 |

Appeal from the PCRA Order Entered June 3, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006609-2019

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: January 23, 2026**

Dewane Bryan Jolly appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate the order and remand for further proceedings consistent with this memorandum.

Our disposition requires only a brief recitation of the procedural history. Appellant, represented by counsel, pled guilty to possession with intent to deliver and driving under suspension. On October 6, 2021, after preparation of a pre-sentence investigation report, the late Honorable David R. Cashman sentenced Appellant to five to ten years of incarceration followed by five years of probation. The court denied his timely-filed post-sentence motion. Appellant did not pursue an appeal.

On November 15, 2022, Appellant timely filed *pro se* his first PCRA petition. In light of Judge Cashman's passing, the PCRA matter was reassigned to the Honorable Elliot C. Howsie ("PCRA court"). On December 7,

2022, before appointing counsel, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. In response, Eric Jobe, Esquire, filed a petition for leave to submit an amended PCRA petition on Appellant's behalf.[1]  The PCRA court granted the request, giving Attorney Jobe until February 10, 2023, to comply.  The court thereafter afforded him a sixty-day extension.  Attorney Jobe never filed an amended petition.

On January 24, 2025, after nearly two years of inaction by both Attorney Jobe and the PCRA court on his first PCRA petition, Appellant *pro se* filed another PCRA petition alleging, *inter alia*, that Attorney Jobe had abandoned him in litigating his first PCRA petition.[2]  On February 18, 2025, the PCRA court appointed Herbert A. Terrell, Esquire ("PCRA counsel"), to represent Appellant.  PCRA counsel filed a motion asking for (1) an extension of time to file an amended petition and (2) the Commonwealth to provide the lab test results that were missing from the record so PCRA counsel could review all evidence in the case to assess the merits of Appellant's claims.  The PCRA court interpreted the motion as a discovery request, which it denied.  In the

---

[1] It is unclear how Attorney Jobe came to represent Appellant.

[2] The PCRA court explained in its Pa.R.A.P. 1925(a) opinion that it treated the January 2025 PCRA petition "as an amendment to the unresolved first petition[,]" over which it "retain[ed] jurisdiction[.]"  PCRA Court Opinion, 8/20/25, at 3-4 (capitalization altered).  We agree with the PCRA court that this petition is more properly considered an extension of the first PCRA proceeding and not a separate filing, in that it appears to simply be the mechanism by which Appellant communicated to the PCRA court that Attorney Jobe had abandoned him.

same order, without addressing the request for an extension of time to file an amended petition, the PCRA court dismissed Appellant's petition.

Appellant timely appealed to this Court and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement.[3] The court authored a responsive opinion urging that the dismissal order be affirmed. Appellant presents two issues for our consideration: (1) the PCRA court erred in dismissing his petition without a hearing or the opportunity to file an amended petition; and (2) trial counsel rendered ineffective assistance that led to an unknowing and involuntary guilty plea. *See* Appellant's brief at 6.

We begin with Appellant's first claim that the court erred in dismissing his *pro se* petition without allowing him an opportunity to amend it with the assistance of counsel. *See* Appellant's brief at 15. The relevant legal principles governing our consideration of this issue are as follows:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up). Pursuant to Pa.R.Crim.P. 904(C), "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition[.]"

---

[3] We remind the PCRA court that all Rule 1925(b) orders must indicate the address to which the statement may be mailed and provide notice that failure to comply with the requirements of Rule 1925(b)(2) **shall** result in waiver. *See* Pa.R.A.P. 1925(b)(3)(iii)-(iv).

***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002) (cleaned

up). Satisfying that right requires more than mere lip service:

> The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel.
>
> . . . .
>
> The right to counsel on an indigent petitioner's first PCRA petition is not limited to the mere naming of an attorney. To have any meaning, the rule also requires appointed counsel to provide meaningful representation. . . .
>
> [W]hen appointed counsel fails to amend an inarticulately drafted *pro se* post-conviction petition, **or fails otherwise to participate meaningfully,** this court will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement. Both this Court and our Supreme Court have recognized that a post-conviction petition is effectively uncounseled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction deprived the petitioner the opportunity of legally trained counsel to advance his position in acceptable legal terms.
>
> . . . .
>
> Therefore, where an appellant's right to representation has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

***Id***. at 851–52 (cleaned up, emphasis in original).

Regarding amendments to a PCRA petition, our High Court has

explained:

> [Pennsylvania Rule of Criminal Procedure] 905(A) governs the amendment of a pending PCRA petition. Pursuant to this Rule, PCRA courts are invested with discretion to permit the amendment

of a pending, timely-filed post-conviction petition, which must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice. Adherence to this liberal standard for amendment is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court.

*Commonwealth v. Crispell*, 193 A.3d 919, 930 (Pa. 2018) (cleaned up).

Here, the record demonstrates that Appellant has been denied the actual assistance of counsel in litigating his first PCRA petition. For a period of two years, Attorney Jobe failed to file either an amended petition or no-merit letter, and the PCRA court took no action to ensure that Appellant's PCRA petition was being properly litigated. Although the court appointed new counsel for Appellant once it learned of Attorney Jobe's abandonment, it nonetheless deprived PCRA counsel of the opportunity to meaningfully represent Appellant by denying the request for an extension of time to file an amended petition, which would have been the first such amendment in this case.

Indeed, the Commonwealth asks us to remand the matter to the PCRA court for PCRA counsel to file an amended petition, to which an attorney for the Commonwealth can respond. *See* Commonwealth's brief at 8. In the Commonwealth's view, because the PCRA court granted Attorney Jobe's request to file an amended petition, as well as an extension to do so, it should have provided the same opportunity to PCRA counsel once it learned that Attorney Jobe had apparently abandoned Appellant.

Of course, we recognize that a court need not indefinitely grant extension requests, even for a first-time PCRA petitioner. However, the PCRA

court denied PCRA counsel's request based solely upon a mistaken interpretation of the motion as one seeking discovery. ***See Crispell***, 193 A.3d at 930 ("The PCRA court in this case exercised no discretion in addressing Crispell's motion to amend. Rather, the court premised its ruling upon its mistaken belief that it lacked jurisdiction to address the claim in any event."). In doing so, it denied the first extension request filed by newly-appointed counsel after prior counsel abandoned Appellant and wholly failed to file an amended petition on his behalf.

Based on the foregoing, to vindicate Appellant's right to the assistance of counsel on his first PCRA petition, we vacate the PCRA order and remand for PCRA counsel to file an amended petition on Appellant's behalf.[4]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/23/2026

---

[4] In light of our disposition, we do not reach Appellant's second issue.

- 6 -