J-S17009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WARREN EARL YERGER, | |
| Appellant | No. 2119 EDA 2018 |

Appeal from the PCRA Order Entered June 12, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002650-2013

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 05, 2019**

Appellant, Warren Earl Yerger, appeals from the order dismissing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. As Appellant's *de facto* notice of appeal from that order is untimely, we are compelled to quash his appeal.

On December 22, 2014, a jury convicted Appellant on 158 counts related to the sexual abuse of four child victims and, on June 17, 2015, the trial court sentenced him to an aggregate term of 339-690 years' incarceration. Appellant filed a timely notice of appeal from his judgment of sentence. This Court affirmed, and our Supreme Court denied further review. **See Commonwealth v. Yerger**, 168 A.3d 319 (Pa. Super. 2017) (unpublished memorandum), *aff'd*, 170 A.3d 1020 (Pa. 2017).

On October 6, 2017, Appellant filed a timely, *pro se* PCRA petition ("the Petition"). The PCRA court appointed PCRA counsel, who subsequently filed a *Turner*/*Finley*[1] no-merit letter and a motion to withdraw as Appellant's counsel. Appellant filed a response to counsel's no-merit letter, and counsel then filed another no-merit letter addressing the matters contained in Appellant's response. On May 11, 2018, the PCRA court issued a notice of its intent to dismiss the Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a timely response thereto. The PCRA court dismissed the Petition and granted counsel's motion to withdraw on June 12, 2018.

Appellant filed an untimely, *pro se*, *de facto* notice of appeal on July 16, 2018.[2,3] He filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In fact, Appellant filed, *pro se*, a document entitled "Reply to Dismissal of [PCRA] Clerk of Courts" on that date, which the PCRA court properly construed as a notice of appeal, as it clearly demonstrated Appellant's intent to challenge the denial of the Petition. *See* Order, 7/24/18, at 1.

[3] As the order denying PCRA relief was issued on June 12, 2018, Appellant had until July 12, 2018 to file a timely notice of appeal. Pa.R.A.P. 903(a) ("The notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). Appellant did not file his notice of appeal until July 16, 2018, rendering it untimely on its face. We note that the order denying PCRA relief clearly instructed Appellant that he had 30 days from the date of that order to appeal to the Superior Court.

- 2 -

August 16, 2018, and the PCRA court issued its Rule 1925(a) opinion on August 21, 2018.

On July 31, 2018, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Order, 7/31/18, at 1. Appellant was afforded ten days to respond, but he failed to do so. On September 13, 2018, this Court issued an order indicating that the issue raised in the rule to show cause—the apparent untimeliness of Appellant's notice of appeal—would be deferred to the panel for consideration.

In his brief, Appellant presents two questions for our review; however, we must first address the apparent untimeliness of his notice of appeal, as we "lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*." **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Appellant's notice of appeal is facially untimely. **See** footnote 3, **supra**. However, we recognize that Appellant is acting *pro se*, and is incarcerated. Under the 'prisoner mailbox rule,' an appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox, though the appeal is actually received after the deadline for filing an appeal. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). "Pursuant to that rule, we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (cleaned up).

Here, however, Appellant has not provided any such documentation for our review in response to our rule to show cause order or in his brief, and the certified record contains no certificates of mailing, postal receipts, or any other documentation indicating when Appellant's *de facto* notice of appeal was deposited with prison authorities. Although that *de facto* notice of appeal is self-dated on July 7, 2018, that does not adequately demonstrate that Appellant mailed it from prison on that date, it merely suggests that the date on which the document was written. As Appellant makes no attempt to argue that we have jurisdiction to consider his claims, despite the facial untimeliness of his notice of appeal, we are compelled to quash. **See Capaldi**, **supra**.

Appeal **quashed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/19