J-S28030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL GOULD | : | |
| | : | |
| Appellant | : | No. 1746 MDA 2019 |

Appeal from the PCRA Order Entered August 29, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004022-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL ERIC GOULD | : | |
| | : | |
| Appellant | : | No. 1747 MDA 2019 |

Appeal from the PCRA Order Entered August 29, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005383-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL GOULD | : | |
| | : | |
| Appellant | : | No. 1748 MDA 2019 |

Appeal from the PCRA Order Entered August 29, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000402-2016

J-S28030-20

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARL GOULD :
:
Appellant : No. 1749 MDA 2019

Appeal from the PCRA Order Entered August 29, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000403-2016


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARL GOULD :
:
Appellant : No. 1750 MDA 2019

Appeal from the PCRA Order Entered August 29, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001870-2016


BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 13, 2020**

Appellant, Carl Eric Gould, appeals *pro se* from the order entered August 29, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In August 2015, the Commonwealth criminally charged Appellant with numerous drug-related offenses.  In the information docketed at CP-36-CR-0004022-2015 ("4022-2015"), the Commonwealth charged

- 2 -

Appellant with two counts of possession with intent to deliver ("PWID"). In the information docketed at CP-36-CR-0005383-2015 ("5383-2015"), the Commonwealth charged Appellant with PWID (cocaine), possession of drug paraphernalia, and conspiracy.[1] Following a bench trial, the court found Appellant guilty of the aforementioned crimes and sentenced him to an aggregate term of two and one-half to seven years' incarceration. This Court affirmed Appellant's judgment of sentence on May 9, 2018 and our Supreme Court subsequently denied *allocatur* on October 2, 2018. **Commonwealth v. Gould**, 187 A.3d 927 (Pa. Super. 2018), *appeal denied* 194 A.3d 1040 (Pa. 2018).

On May 9, 2019, Appellant filed a timely, *pro se* PCRA petition and the PCRA court subsequently appointed counsel to represent Appellant in the proceedings. On July 24, 2019, however, court-appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 31, 2019, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition

---

[1] In addition, the Commonwealth charged Appellant with similar drug charges in the information docketed at CP-36-CR-0000402-2016 ("0402-2016"), CP-36-CR-0000403-2016 ("0403-2016"), and CP-36-CR-0001870-2016 ("1870-2016"). The trial court, however, dismissed the charges lodged at dockets 0402-2016 and 0403-2016 and the Commonwealth *nolle prossed* the charges listed at docket 1870-2016. **See** N.T. Suppression Hearing, 9/15/17, at 21-22.

in 20 days without holding a hearing. PCRA Court Order, 7/31/19, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant filed a response to the **Turner/Finley** letter on August 15, 2019. The PCRA court dismissed Appellant's petition and granted counsel leave to withdraw on August 29, 2019.[2] PCRA Court's Order, 8/29/19, at 1.

On October 1, 2019, Appellant filed a timely *pro so* notice of appeal to this Court.[3] The notice of appeal contained multiple trial court docket

---

[2] The PCRA court's 907 notice and its order dismissing Appellant's PCRA petition listed five docket numbers: 4022-2015, 5383-2015, 0402-2016, 0403-2016, and 1870-2016. **See** PCRA Court's Order, 7/31/19, at 1; PCRA Court's Order, 8/29/19, at 1. Appellant's notice of appeal also listed each of the aforementioned five trial court docket numbers. Appellant, however, was only convicted for the crimes docketed at 4022-2015 and 5383-2015. As mentioned above, the trial court dismissed dockets 0402-2016 and 0403-2016. The Commonwealth also *nolle prossed* the charges docketed at 1870-2016.

[3] Pursuant to Pa.R.A.P. 903, a "notice of appeal. . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This Court, however, previously recognized that:

> [t]he *pro se* prisoner's state of incarceration prohibits him from directly filing an appeal with the appellate court and prohibits any monitoring of the filing process. Therefore[,] . . . a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox.

**Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (parallel citations omitted).

Herein, we conclude that Appellant filed a timely notice of appeal. The PCRA court dismissed Appellant's PCRA petition on August 29, 2019. Thus, to be considered timely, Appellant needed to file his notice of appeal by September

- 4 -

numbers.[4]  On October 24, 2019, the PCRA ordered Appellant to file a concise

statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(b)(1).  That order complied with all of the requirements set forth in Rule

1925(b)(3).  Appellant, however, did not file a concise statement.  As such, in

the PCRA court's Rule 1925(a) opinion, the PCRA court declared that all of

---

30, 2019.  **See** 1 Pa.C.S.A. § 1908.  The trial court's docket reflects that Appellant filed his *pro se* notice of appeal on October 1, 2019.  Nonetheless, as Appellant is a *pro se* prisoner, he is entitled to the benefit of the prisoner mailbox rule.  As such, we may accept "any reasonably verifiable evidence" that Appellant "deposit[ed] the appeal with the prison authorities" on or before September 30, 2019.  **Perez**, 799 A.2d at 851.  Appellant's notice of appeal dated September 22, 2019 supports the conclusion that he timely deposited the notice with prison authorities.  Accordingly, for purposes of this matter, we shall treat Appellant's notice of appeal as timely filed.

[4] Our review of the certified record reveals that five separate photocopies of Appellant's notice of appeal, each listing docket numbers 4022-2015, 5383-2015, 0402-2016, 0403-2016, and 1870-2016, were entered on the trial court dockets, and accordingly, on this Court's docket.  On December 16, 2019, this Court issued a rule to show cause why the appeal should not be quashed based upon our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note).  Appellant did not file a response.  On July 9, 2020, however, an *en banc* panel of this Court decided **Commonwealth v. Johnson**, 2020 WL 3869723 (Pa. Super. 2020) (*en banc*) concerning the proper application of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) in light of **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019) (reading **Walker** as a mandate to quash appeal unless notice of appeal contains only one trial court docket number).  The **Johnson** Court explicitly overruled **Creese**, **supra** and held that as long as the appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence."  **Id.** at *11.  Accordingly, we decline to quash the instant appeal.

Appellant's claims on appeal must be deemed waived. PCRA Court Opinion, 11/27/19, at 1.

We agree with the PCRA court and conclude that, since Appellant failed to comply with the PCRA court's order to file and serve a concise statement of errors complained of on appeal, Appellant waived all of his claims on appeal.[5] Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement ... are waived"); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.") (internal citations, quotations, and corrections omitted) (some internal capitalization omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/13/2020

---

[5] Appellant is not eligible for the remand procedure contemplated at Pa.R.A.P. 1925(c)(3) since he was not represented by counsel on October 24, 2019, when the PCRA ordered the filing of a concise statement pursuant to Pa.R.A.P. 1925(b)(1). **See** Pa.R.A.P. 1925(c)(3) (permitting remand in criminal cases where appellate court concludes that counsel for a defendant has been *per se* ineffective in failing to file, or to timely file, a concise statement).