**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL O. MCMILLIAN, | : | |
| | : | |
| Appellant | : | No. 3196 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 19, 2019
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003543-2019

BEFORE: LAZARUS, J., KING, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 04, 2020**

Darryl O. McMillian (Appellant) appeals from the judgment of sentence entered on September 19, 2019, following his guilty plea to one count each of third-degree murder and person not to possess a firearm. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we quash this appeal as untimely filed and dismiss as moot counsel's petition to withdraw.

Given our disposition, a detailed recitation of the facts is unnecessary. Briefly, shortly before 1:00 a.m. on April 16, 2019, Appellant shot his roommate, James Madison, in the abdomen over a disagreement about money Appellant believed Madison owed to him. Madison died as a result of

_____

[*] Retired Senior Judge assigned to the Superior Court.

the gunshot wound. At the time of the incident, Appellant was legally prohibited from possessing a firearm. Based on the foregoing, Appellant was charged with, *inter alia*, criminal homicide and person not to possess a firearm. On September 19, 2019, Appellant entered a negotiated guilty plea to third-degree murder and person not to possess a firearm in exchange for an aggregate sentence of 25 to 50 years of incarceration. The trial court sentenced Appellant the same day in accordance with the plea agreement. Appellant did not file a post-sentence motion. On November 5, 2019, Appellant *pro se* filed a notice of appeal.[1, 2]

Preliminarily, we must address the timeliness of Appellant's notice of appeal. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*."). Appellant's notice of appeal was filed with this Court on November 5, 2019. However, because Appellant did not file a post-sentence motion, his notice of appeal was due

---

[1] While "*pro se* filings submitted by counseled defendants are generally treated as legal nullities[,]" **Commonwealth v. Muhammed**, 219 A.3d 1207, 1210 (Pa. Super. 2019) (citation omitted), this Court must docket *pro se* notices of appeal, even when the defendant is represented by counsel. **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

[2] Because Appellant raised claims of ineffective assistance of trial counsel, the trial court granted counsel's petition to withdraw and appointed new counsel to represent Appellant on appeal.

by October 21, 2019.[3] Pa.R.A.P. 903(c)(3). "Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted).

Appellant was incarcerated at the time he mailed the notice of appeal. Thus, we must consider the timeliness of his notice of appeal in light of the prisoner's mailbox rule, which "provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011). This Court is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." ***Commonwealth v. Betts***, ___ A.3d ___, 2020 WL 5524288, at *2 n.5 (Pa. Super. 2020) (citation omitted). Examples of reasonably verifiable evidence include, but are not limited to, a cash slip noting the date postage was deducted from a prisoner's account, an "affidavit attesting to the date of deposit with the prison officials," and "evidence of internal operating procedures regarding mail delivery … and the delivery route of the mail, to decide the last possible date on which the [prisoner] could have mailed an

---

[3] Because the 30th day following Appellant's judgment of sentence was a Saturday, his notice of appeal was due the next business day, October 21, 2019. 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, [w]henever the last day of any such period shall fall on Saturday or Sunday, [] such day shall be omitted from the computation.").

appeal based on the date that the prothonotary received it." ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). "Where[] the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." ***Id.*** at 426 n.3.

When the filing is received by the relevant court only a few days after the expiration of the filing period, this Court assumes, without remanding for an evidentiary hearing, that the *pro se* filing must have been submitted to prison authorities for mailing by the last day of the filing period. ***See Betts***, ___ A.3d ___, 2020 WL 5524288, at *2 n.5 ("Given the inherent delays associated with mail delivery and the totality of the circumstances, we conclude that Appellant's *pro se* response[, which was received by the lower court two days after the filing period ended,] must have been deposited for mailing no later than [the last day of the filing period]."); ***Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) ("Although the record is bereft of the envelope in which the notice of appeal was mailed, and thus lacks a postmark definitively noting the date of mailing, we note that [] in order for the trial court to have received the notice of appeal by September 25th, it is likely that Appellant mailed his notice of appeal on or before September 22nd. Accordingly, we decline to quash the appeal for untimeliness.").

Instantly, Appellant's notice of appeal was self-dated October 21, 2019, postmarked November 1, 2019, and filed with this Court on November

5, 2019. As noted *supra*, in order to be considered timely-filed, Appellant must have submitted the notice to prison authorities for mailing by October 21, 2019. There is no evidence in the certified record of when Appellant submitted the notice to prison authorities, nor is there "any reasonably verifiable evidence" permitting us to infer that Appellant submitted the notice on time. **Betts, supra**. Unlike **Betts** and **Patterson**, where the filing was received by the relevant court only a few days after the filing period ended, in the instant case our Court received the notice of appeal 15 days after the appeal period ended. We cannot infer that Appellant timely-delivered the notice to prison officials based upon the postmark, because the postmark indicates the United States Postal Service received it 11 days after the appeal period ended. Appellant does not offer any other evidence of when he delivered the notice to prison authorities for mailing or explain why there would have been an 11-day delay in mailing the notice by prison authorities if he submitted it to them on October 21, 2019, nor has counsel been able to uncover any in her review. **See** Response to Rule to Show Cause, 4/22/2020. Appellant's self-dating the last day of the appeal period on the notice of appeal is not "reasonably verifiable evidence" of the date Appellant submitted the notice to prison authorities, particularly where 11 days elapsed before the postmark date. If anything, it only suggests the date Appellant wrote the notice of appeal.

Because we have not uncovered anything in the record suggesting that Appellant's notice was provided to prison authorities by the deadline, and Appellant has neither disputed the untimely filing nor provided evidence to establish that he submitted the notice of appeal to prison authorities by October 21, 2019, there is no dispute regarding the timeliness of the appeal that would warrant a hearing on remand. Therefore, because Appellant's notice of appeal is facially untimely and we have no evidence or argument to the contrary, we quash this appeal for lack of jurisdiction and dismiss counsel's petition to withdraw as moot.

Appeal quashed. Petition to withdraw as counsel dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/20