J-S11033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISHEMER DWAYNE RAMSEY | : | |
| | : | |
| Appellant | : | No. 843 WDA 2025 |
| | : | |

Appeal from the PCRA Order Entered May 19, 2025
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001618-2017

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: April 16, 2026**

Ishemer Dwayne Ramsey appeals, pro se, from the order, entered in the Court of Common Pleas of Butler County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9542. We quash.

Due to our disposition, a lengthy recitation of the factual and procedural history of this case is unnecessary. Briefly, Ramsey was convicted on October 25, 2019, following a non-jury trial, of first-degree murder and related misdemeanor charges. He was sentenced, on December 2, 2019, to life imprisonment, plus consecutive sentences for the misdemeanor convictions. On November 16, 2021, this Court affirmed Ramsey's judgment of sentence, *see Commonwealth v. Ramsey*, 896 WDA 2020 (Pa. Super. filed Nov. 16, 2021) (unpublished memorandum decision), and our Supreme Court denied

allowance of appeal on May 24, 2022. **See id.**, 279 A.3d 33 (Pa. 2022) (Table).

On March 7, 2023, Ramsey filed the instant timely pro se PCRA petition; the court appointed counsel, who filed two amended PCRA petitions. Counsel then filed a petition to withdraw and accompanying **Turner**/**Finley**[1] "no-merit" letter. Following issuance of Pa.R.Crim.P. 907 notice of intent to dismiss, the PCRA court denied relief on May 19, 2025.

Prior to reaching the merits of Ramsey's appeal, we must address the timeliness of his notice of appeal. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues sua sponte."); **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) ("Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace.") (citation omitted).

Here, Ramsey's PCRA petition was dismissed on May 19, 2025.[2] As such, he had until June 18, 2025, to file a timely notice of appeal. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order appealed from). Ramsey's pro se notice of appeal is self-dated June 3, 2025. However, it was not time-stamped as filed in the Butler County Court

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] We note that the PCRA court's order properly advised Ramsey that he had 30 days to file a notice of appeal.

of Common Pleas until July 10, 2025. As Ramsey was incarcerated at the time he mailed the notice of appeal, we must consider its timeliness in light of the prisoner's mailbox rule, which "provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011).

This Court is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." **Commonwealth v. Betts**, 240 A.3d 616, 619 n.5 (Pa. Super. 2020) (citation omitted). Examples of reasonably verifiable evidence include, but are not limited to, a cash slip noting the date postage was deducted from a prisoner's account, an "affidavit attesting to the date of deposit with the prison officials," and "evidence of internal operating procedures regarding mail delivery . . . and the delivery route of the mail, to decide the last possible date on which the [prisoner] could have mailed an appeal based on the date that the prothonotary received it." **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). "Where[ ] the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." **Id.** at 426 n.3.

When the filing is received by the relevant court only a few days after the expiration of the filing period, this Court assumes, without remanding for an evidentiary hearing, that the pro se filing must have been submitted to prison authorities for mailing by the last day of the filing period. **See Betts**, 240 A.3d 619 n.5 ("Given the inherent delays associated with mail delivery and the totality of the circumstances, we conclude that Appellant's pro se

response[, which was received by the lower court two days after the filing period ended,] must have been deposited for mailing no later than [the last day of the filing period]."); ***Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) ("Although the record is bereft of the envelope in which the notice of appeal was mailed, and thus lacks a postmark definitively noting the date of mailing, we note that [ ] in order for the trial court to have received the notice of appeal by [three days after the expiration of the appeal period], it is likely that Appellant mailed his notice of appeal on or before [the last day of the appeal period]. Accordingly, we decline to quash the appeal for untimeliness.").

Instantly, Ramsey's notice of appeal was self-dated June 3, 2025, postmarked by the Department of Corrections on July 7, 2025, and filed with the court on July 10, 2025. As noted ***supra***, in order to be considered timely filed, Ramsey must have submitted the notice to prison authorities for mailing by June 18, 2025. There is no evidence in the certified record as to when Ramsey submitted the notice of appeal to prison authorities, nor is there "any reasonably verifiable evidence" permitting us to infer that he submitted the notice on time. ***Betts***, ***supra***. Unlike in ***Betts*** and ***Patterson***, where the filing was received by the relevant court only a few days after the filing period expired, in the instant case the notice of appeal was docketed 22 days after the appeal period ended. Thus, we simply cannot infer that Ramsey timely delivered the notice to prison officials based upon the postmark, because the postmark indicates the Department of Corrections received it 19 days after

the appeal period ended. Ramsey does not offer any other evidence of when he delivered the notice to prison authorities for mailing or explain why there would have been a 34-day delay in mailing the notice by prison authorities if he submitted it to them on June 3, 2025, the date Ramsey typed on the notice of appeal. Ramsey's self-dating of June 3, 2025, on the notice of appeal is not "reasonably verifiable evidence" of the date he submitted the notice to prison authorities, particularly where 34 days elapsed before the postmark date. If anything, it only reasonably verifies the date Ramsey prepared the notice of appeal.

Because we have not uncovered anything in the record suggesting that Ramsey's notice of appeal was provided to prison authorities by the June 18, 2025 deadline, and Ramsey has neither disputed the untimely filing nor provided evidence to establish that he submitted the notice of appeal to prison authorities by the deadline, there is no dispute regarding the timeliness of the appeal that would warrant a hearing on remand. Therefore, because Ramsey's notice of appeal is facially untimely and we have no evidence or argument to the contrary, we quash this appeal for lack of jurisdiction.[3]

Appeal quashed.

_____

[3] Even if we did not quash Ramsey's appeal, we would find his claims waived for failure to provide any coherent legal arguments or to comply in any respect with the Rules of Appellate Procedure. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) ("[W]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/16/2026