J-S16043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL RAY JAMES | : | |
| | : | |
| Appellant | : | No. 1485 WDA 2025 |

Appeal from the PCRA Order Entered October 8, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000939-2013

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: June 17, 2026**

Michael Ray James ("James") appeals *pro se* from the order denying his fourth petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

For purposes of this appeal, a detailed recitation of the facts is not necessary.  Briefly, in 2013, the U.S. Marshall's Fugitive Task force served an arrest warrant on James, who was residing in a hotel room in Summit Township, Pennsylvania.  At the hotel, the task force encountered James, De'Shuna Crosby ("Crosby"), and the pair's four-month-old infant child, who was seated in a car seat at the time.  Following James' arrest, the task force gained Crosby's permission to search the infant's car seat.  Therein, they discovered two plastic bags of cocaine, and one plastic bag of heroin.  In an ensuing search of the hotel room, the task force additionally located a digital

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

scale used for weighing drugs, as well as plastic baggies used for packaging drugs. As a result of these discoveries, a jury thereafter convicted James of two counts each of possession with intent to deliver ("PWID") and possession of a controlled substance, as well as one count each of conspiracy to commit PWID, possession of drug paraphernalia, and endangering the welfare of children. On January 10, 2014, the trial court imposed an aggregate sentence of nine years and nine months to nineteen and one-half years' imprisonment, which this Court affirmed on November 10, 2014. *See Commonwealth v. James*, 113 A.3d 346 (Pa. Super. 2014) (unpublished memorandum). James did not seek further review by our Supreme Court.

In 2015, James filed his first PCRA petition, raising several claims of ineffective assistance of trial counsel. The PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss James' petition without an evidentiary hearing, to which James filed a counseled response reaffirming his belief that trial counsel was ineffective. James notably did not include in this response any allegation that his PCRA counsel was ineffective. The PCRA court filed an amended Rule 907 notice, and James did not file any further response. Accordingly, the PCRA court dismissed James' first petition, and this Court affirmed the dismissal order on appeal. *See Commonwealth v. James*, 159 A.3d 40 (Pa. Super. 2016) (unpublished memorandum).

In 2021, James filed his second PCRA petition, this time challenging the legality of his sentence pursuant to *Alleyne v. United States*, 570 U.S. 99

(2013).[2]  The PCRA court dismissed this petition as untimely, and James did not seek any appellate review from this order.

In 2022, James filed a third PCRA petition, wherein he once more claimed that his sentence was illegal pursuant to **Alleyne**; however, he argued that his petition was timely pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).[3]  In doing so, James maintained that his first PCRA counsel was ineffective for failing to raise the above-specified **Alleyne** claim previously, and that his third petition represented the first opportunity for him to address counsel's ineffectiveness.  The PCRA court dismissed James' third petition as untimely, reasoning that our Supreme Court's holding in **Bradley** did not contravene the PCRA's timeliness requirements, and that even if it did,

_____

[2] The trial court sentenced James to mandatory minimum terms of imprisonment based on the weight of the heroin and cocaine found in his possession.  **See** 18 Pa.C.S.A. § 7508.  However, in the wake of the United States Supreme Court's holding in **Alleyne**, this Court has since determined that the mandatory minimum sentencing guidelines of section 7508 are unconstitutional, and our Supreme Court has upheld this result.  **See Commonwealth v. Dimatteo**, 177 A.3d 182 (Pa. 2018); **see also Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014).  These holdings therefore served as the basis of James' illegal sentencing claim.

[3] In **Bradley**, our Supreme Court held that, with respect to a first PCRA petition, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even on appeal" of the dismissal of the first PCRA petition.  **Bradley**, 261 A.3d at 401.

James had already litigated his *Alleyne* claim in his previous PCRA petition.[4] This Court affirmed the dismissal order on appeal, and our Supreme Court denied allocatur. *See Commonwealth v. James*, 299 A.3d 908 (Pa. Super. 2023) (unpublished memorandum), *appeal denied*, 310 A.3d 718 (Pa. 2023). James did not seek further review by the United States Supreme Court.

On June 3, 2025, James filed the instant petition, styled as a writ of *habeas corpus*. Therein, he again raised a claim that his first PCRA counsel rendered ineffective assistance by failing to address the legality of his sentence pursuant to *Alleyne*. While James acknowledged the fact that he had raised this claim previously under the PCRA, he specified that he was now seeking *habeas corpus* relief because the PCRA could not grant him a "true remedy" for this issue. Petition for Writ of *Habeas Corpus Ad Subjiciendum*, 6/3/25, at 5. In support of this claim, James stressed that neither he nor his alleged ineffective PCRA counsel could have raised it in response to the PCRA court's Rule 907 notice to dismiss — a point which he maintains was the "only opportunity the PCRA process afforded" him to raise such a claim. *Id*.

---

[4] *See* 42 Pa.C.S.A. § 9543(a)(3) (stating that a petitioner is eligible for PCRA relief only where "the allegation of error has not been previously litigated or waived").

After reviewing James' *habeas corpus* petition, the PCRA court issued an order reclassifying it as an untimely[5] fourth PCRA petition. James filed an objection to this reclassification, once more arguing that the PCRA could not offer him a remedy for his ineffectiveness claim, and the PCRA court in turn denied his petition without a hearing.[6] In doing so, the PCRA court explained that: (1) James' ineffectiveness claims could only be brought via a timely PCRA

---

[5] Under the PCRA, a petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Pennsylvania Supreme Court, or the expiration of time for seeking appellate review. **See** 42 Pa.C.S.A. § 9545(b)(3). Here, because James did not seek review by the Pennsylvania Supreme Court, his judgment of sentence became final on December 10, 2014, thirty days after this Court affirmed his judgment of sentence. **See** Pa.R.A.P. 1113(a) (stating "a petition for allowance of appeal shall be filed . . . within [thirty] days after the entry of the order of the Superior Court"). Thus, James had one year from this date, until December 10, 2015, to file a timely petition. As he instead filed the instant petition on June 3, 2025, however, it is facially untimely.

[6] A review of the criminal docket indicates that when the PCRA court denied James' fourth PCRA petition without a hearing, it did so without first providing him any notice of its intent to do so, as required by Rule 907. **See** Pa.R.Crim.P. 907 (stating that if a PCRA court judge determines that the record presents "no genuine issues concerning any material fact and that the defendant is not entitled to [PCRA] relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of its intention to dismiss the petition . . ."); **see also Commonwealth v. Wooden**, 215 A.3d 997, 1001 (Pa. Super. 2019) (reaffirming that a "PCRA court's compliance with Rule 907 is mandatory"). However, because James does not challenge the absence of a Rule 907 notice in his instant appeal, this issue is waived, and we may continue with our review of his appeal despite our recognition of this procedural defect. **See Wooden**, 215 A.3d at 1001 (confirming that "an appellant's failure to challenge the absence of Rule 907 notice constitutes waiver").

petition, as they were cognizable under 42 Pa.C.S.A. § 9543(a)(2)(ii); and (2) these claims were ineligible for PCRA relief due to the fact that he had litigated them previously. James filed a timely[7] notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

James raises the following issue for our review: "Did the lower court error [*sic*] when it turned what [James] filed as a state *habeas corpus* petition, into a subsequent, untimely PCRA petition?" James' Brief at 1 (unnecessary capitalization omitted).

Our standard of review of an order denying a PCRA petition is well-settled:

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those

---

[7] Although the docket indicates that James filed this notice of appeal on November 12, 2025, more than thirty days after the PCRA court's dismissal of his petition on October 8, 2025, we recognize that his status as an incarcerated *pro se* appellant invokes the prisoner mailbox rule. **See** Pa.R.A.P. 903(a) (generally providing a party with thirty days in which to file a notice of appeal); **see also Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (explaining that a *pro se* appeal by a prisoner is deemed filed on the date he delivers the appeal to prison authorities for mailing, even if the appeal is received after the deadline for an appeal). Here, James provided a postmarked envelope indicating that he mailed the underlying notice of appeal on November 5, 2025. **See Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (instructing that this Court is "inclined to accept any reasonably verifiable evidence of the date the prisoner deposits the appeal with the prison authorities"). Thus, we consider his notice of appeal as timely.

findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

As it pertains to the issue of whether Pennsylvania Courts should treat a petition for a writ of *habeas corpus* as a PCRA petition, this Court has provided the following guidance:

> It is well[ ]settled that the PCRA is intended to be the sole means of achieving post-conviction relief. [***See*** ]42 Pa.C.S.[A.] § 9542[.] Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a [petition for a] writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (some citations omitted). Pennsylvania Courts have consistently interpreted the PCRA to encompass claims of ineffective assistance of PCRA counsel. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii) (stating claims of ineffective assistance of counsel are cognizable under PCRA); ***see also Commonwealth v. Koehler***, 229 A.3d 915, 930 (Pa. 2020) (recognizing "that claims premised upon the ineffective assistance of PCRA counsel are cognizable under the PCRA").

Any PCRA petition, including other filings which assert claims that are cognizable under the PCRA, is subject to the statute's timeliness requirements. ***See Taylor***, 65 A.3d at 465; ***see also*** 42 Pa.C.S.A. § 9545(b)(1). As these

timeliness requirements are jurisdictional in nature, a court may not address the merits of the issues raised in a PCRA petition if it was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Where a PCRA petition is facially untimely, as is the case herein, Pennsylvania courts may nonetheless consider it if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Recently, our Supreme Court in ***Bradley*** clarified that, with respect to a first PCRA petition where the petitioner has been represented by counsel, "a

PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401. Prior to **Bradley**, however, "the sole method by which a petitioner [could] challenge the ineffectiveness of his PCRA counsel [was] through the filing of a response to the PCRA court's Rule 907 dismissal notice." **Id**. at 386. "Thus, upon the receipt of PCRA court's Rule 907 notice of its intent to dismiss the PCRA petition, it [was] incumbent upon a petitioner to raise a claim of PCRA counsel's ineffectiveness before the PCRA court, and to do so within the [twenty]-day response period." **Id**.

James argues the PCRA court erred by treating his petition for a writ of *habeas corpus* as a fourth, untimely PCRA petition. While James acknowledges that a writ of *habeas corpus* cannot remedy any claims that are cognizable under the PCRA, he asserts that his instant ineffectiveness claim is not cognizable. James reaches this conclusion as a result of the fact that if he instead raised this claim in a PCRA petition, our Courts would not have jurisdiction to grant him relief, as he concedes this petition would be untimely without meeting any exception to the PCRA's one-year time bar. James thus avers that because "the PCRA provides no remedy where an ineffective[ness] claim is deemed untimely[,] the writ of *habeas corpus* is the appropriate vehicle for addressing" his instant ineffectiveness claim. James' Brief at 9.

The PCRA court determined that James' issue was without merit, reasoning as follows:

> [T]his court finds that it properly treated . . . James'[ *habeas corpus* petition] as a fourth PCRA [petition] because the allegations in that petition were a mere revival or re-litigation of his claims based on ***Bradley*** and ***Alleyne***, which were previously raised and resolved by this court (twice) and by the initial PCRA court . . . and subsequently affirmed by the Superior Court. As this court emphasized, . . . James'[] sole ground for relief in his *habeas corpus* petition was ineffective assistance of counsel, which is cognizable under 42 Pa.C.S.[A.] § 9543(a)(2)(ii) o[f] the PCRA.

PCRA Court Opinion, 1/7/26, at 2 (unnecessary capitalization omitted).

After review, we determine the PCRA court did not err by treating James' *habeas corpus* petition as his fourth, untimely PCRA petition. Here, the sole claim that James raised in his *habeas corpus* petition concerns the ineffectiveness of the PCRA counsel assigned to him for his first PCRA petition. Such a claim is clearly cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii); ***see also Koehler***, 229 A.3d at 930. Thus, the PCRA court properly treated it as James' fourth PCRA petition. Given that the petition was facially untimely, and James did not plead or prove the application of any timeliness exception, the PCRA court lacked jurisdiction to consider the merits of any claim raised in the petition.[8] Accordingly, we affirm the PCRA court's order denying James' untimely fourth PCRA petition. ***See Albrecht***, 994

_____

[8] We reiterate that pursuant to the case law in effect in 2015, at the time James filed and litigated his first PCRA petition, James had the opportunity to
*(Footnote Continued Next Page)*

- 10 -

A.2d at 1093; ***see also Ford***, 44 A.3d at 1194.

Order affirmed.

Judgment Entered.

*[signature: Benjamin D. Kohler]*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/17/2026

---

seek relief for his PCRA counsel's alleged ineffectiveness by raising it as an issue in response to either of the PCRA court's Rule 907 notices. ***See Bradley***, 261 A.3d at 386. As such, we emphasize that it was James' own failure to timely assert his claim of PCRA counsel's ineffectiveness in this manner that now prevents him from obtaining relief — not the PCRA.